(By Assignment) Appellant, Thelma Moore, appeals from the judgment of the Fayette County Common Pleas Court wherein the court failed to grant appellant spousal support.
Thelma Moore and the appellee, Leroy Moore, were married on December 8, 1959 and they had seven children who are all now adults. Mr. Moore filed a complaint for divorce on February 4, 1994 and Mrs. Moore answered and counterclaimed for divorce shortly thereafter.
On December 1, 1994, the matter was heard before a magistrate who recommended that Leroy Moore be granted the divorce because of the defendant's gross neglect of duty toward him.
The magistrate found that the parties' residence had an unencumbered value of $50,000. The referee found that Mr. Moore had a vested interest in a Stanley pension plan of $27,264 and Stanley 401(k) savings account of $2166 both as of March 1994. The magistrate found that Mr. Moore was earning $40,000 at Mac Tools. The magistrate found that Mrs. Moore handled the couple's finances and could not account for at least $5000 in savings and $3600 in checking account withdrawals. The magistrate also found that Mrs. Moore had taken up residence with a Mr. Guckenbarger shortly after the parties' separation in February 1994. The magistrate then made the following finding:
 Defendant disputed this assertion at numerous times during testimony, and stated she had never been to the home of Mr. Guckenbarger or even knew where he lived. The Defendant clearly perjured herself since the testimony of a private investigator offered testimony and photographic exhibits which clearly placed her in and around the residence of Mr. Guckenbarger, placed her 1987 Cadillac in the garage, and further established the Defendant referring to herself as Mrs. Guckenbarger. It is perjured testimony of this kind that substantially destroys the Defendant's credibility as to other testimony.
The magistrate recommended that Mr. Moore be awarded the parties' marital premises and Mrs. Moore be awarded $25,000 as her interest in the residence. The referee recommended that Mrs. Moore be entitled to her share of her husband's pension pursuant to a qualified order. The referee recommended that Mrs. Moore not receive spousal support by reason of her cohabitation with a person of the opposite sex who is providing financial sustenance and support sufficient to meet her needs. The trial court adopted all of the referee's recommendations.
Mrs. Moore appealed the final judgment of divorce and this court reversed the trial court's decision to award no spousal support to Mrs. Moore. Specifically, this court found there was insufficient competent, credible evidence to suggest the continuous, permanent relationship functionally equivalent to marriage necessary to establish "cohabitation." This court also found insufficient evidence in the record to support the trial court~s finding that Mr. Guckenbarger was providing financial sustenance and support sufficient to meet appellant's needs. Accordingly, this court remanded the matter to the trial court for further proceedings.
Upon remand, the magistrate conducted two short hearings to reconsider the cohabitation issue. At the conclusion of these hearings, the magistrate again found there was sufficient credible evidence to establish the existence of a continuous, permanent relationship functionally equivalent to a marriage between the appellant and Mr. Guckenbarger. Again the magistrate recommended that Mrs. Moore not be awarded spousal support. The trial court overruled Mrs. Moore's objections to the report and again adopted the magistrate's recommendation. From that decision, the appellant has prosecuted this appeal.
The appellant contends in two separate assignments of error that the trial court abused its discretion in failing to award her spousal support and that the trial court's judgment is against the manifest weight of the evidence.
She notes that she testified in the remand hearing that she had no source of income other than what her sister gave her from time to time and that she had no romantic relationship with Mr. Guckenbarger. She also noted that both she and Mr. Guckenbarger testified that he was furnishing her living accommodations because she had no income and had no place to go.
The remand hearings were quite abbreviated. Mr. Guckenbarger testified he is 83 years of age and used to be married to appellant's deceased sister. He said he lets Mrs. Moore stay at his house because "she didn't have no place to stay." He said his financial arrangement with her is "she keeps the house clean, does the laundry and stuff, because I ain't able to do it very much." (Tr. 5). He said there never has been a romantic relationship between Mrs. Moore and himself.
Mr. Moore testified his job was eliminated at Mac Tools in December 1995. He indicated he received a $15,000 severance payment and now works part-time repairing cars earning about $5,000 per year. He said he is 60 years old and refuses unemployment insurance.
Mrs. Moore testified she has no source of income since her divorce and receives assistance from her sister to purchase medicines which have been prescribed for her. (Tr. 40). She denied any romantic relationship with Mr. Guckenbarger. (Tr. 41). She said she takes care of Mr. Guckenbarger's house "to pay for what I eat and a place to stay." She said she hasn't spent the $14,000 given her in the divorce because she is "trying to find me a small trailer." (Tr. 45).
Based upon the facts and circumstances of each case, the trial court has broad discretion to determine the proper amount of spousal support. Kunkle v. Kunkle (1990), 51 Ohio St.3d 64; Hutchinson v. Hutchinson (Aug. 26, 196), Clermont App. No. CA96-03-030, unreported at 3. A reviewing court should not substitute its judgment for that of the trial court unless the lower court abused its discretion. Kunkle, 51 Ohio St.3d at 67; Blakemore,5 Ohio St.3d at 219.
We have recently held that need is an essential element in determining whether an award of spousal support is appropriate and reasonable. Carnahan v. Carnahan (March 3, 1997), Clermont App. No. 96-08-072, unreported at 8. We must emphasize, however, that need is a "relative term, the conception of which must, within reasonable limits, vary with the personal situation of the individual employing it." Kunkle at 69. Awards of spousal support also must be reviewed in light of the "totality of the circumstances" and should be "fair, equitable, and in accordance with law." Id.; Kaechele v. Kaechele (1988), 35 Ohio St.3d 93,94. In sum, the goal in awarding spousal support should be "to reach an equitable result." Kaechele, 35 Ohio St.3d at 96.
We cannot say the trial court abused its discretion in not awarding the appellant spousal support. The record supports a finding that her present needs are taken care of by Mr. Guckenbarger. The appellant has $14,000 which could be used to generate some income. At a modest interest rate of six percent, this fund would generate sufficient income to meet her prescription drug expenses. The appellant's assignments of error are accordingly overruled.
Judgment Affirmed.
YOUNG, P.J., and WALSH, J., concur.
Brogan, J., of the Second Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), of the Ohio Constitution.