DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Daniel Cikunczuk, appeals from the Medina County Court of Common Pleas' order requiring Daniel to pay the appellee, Debra Cikunczuk, $1,100.00 per month in spousal support. We affirm.
Daniel and Debra were married on September 3, 1983. They have no children as issue of their marriage.
Debra Cikunczuk filed for divorce and moved for spousal support in the Medina County Court of Common Pleas' Division of Domestic Relations on October 6, 1995. Daniel answered and counter-claimed in December of 1995. On February 19, 1997, the trial court granted the divorce. The trial court ruled that effective November 1, 1996, and subject to the continuing jurisdiction of the court, Daniel shall pay Debra spousal support in the sum of $1,100.00 per month, plus two percent (2%) poundage. The court further determined that this spousal support shall terminate upon Debra's death, remarriage, cohabitation, or 48 months, whichever first occurs.
Daniel timely appeals the judgment of the trial court and raises a single assignment of error.
 ASSIGNMENT OF ERROR
The trial court abused its discretion and erred in its spousal support award of $1,100.00 per month as being appropriate and reasonable, even though it found that the plaintiff was renting from her family, has no debt, has approximately $12,000.00 in the bank from the sale of her marital residence, graduated from high school and two years of trade school, upon a 13 year marriage [sic].
Daniel contends that the trial court abused its discretion by awarding Debra $1,100.00 per month in spousal support. We disagree.
The Supreme Court of Ohio has acknowledged that a domestic relations award should be fair, equitable, and in accordance with the law. Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, 94. Nonetheless, an appellate court will reverse a trial court's spousal support award only when the trial court has abused its discretion. Id. at 94; Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,218; Berthelot v. Berthelot (Apr. 15, 1998), Summit App. No. 18331, unreported, at 9. An abuse of discretion connotes an attitude on the part of the trial court reaching its decision that is arbitrary, unreasonable or unconscionable. Blakemore v.Blakemore, supra, at 219. Pursuant to R.C. 3105.18(C)(1), a trial court shall consider several factors in determining an appropriate and reasonable award of spousal support. Berthelot v. Berthelot,supra, at 8. Specifically, R.C. 3105.18(C)(1) sets forth the following factors:
(a) The income of the parties, * * *;
(b) The relative earning abilities of the parties;
 (c) The ages and the physical, mental, and emotional conditions of the parties;
(d) The retirement benefits of the parties;
(e) The duration of the marriage;
 (f) The extent to which it would be inappropriate for a party, because [the party] will be custodian of a minor child of the marriage, to seek employment outside the home;
 (g) The standard of living of the parties established during the marriage;
 (h) The relative extent of education of the parties;
(i) The relative assets and liabilities of the parties, * * *;
 (j) The contribution of each party to the education, training, or earning ability of the other party, * * *;
 (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 (l) The tax consequences, for each party, of an award of spousal support;
 (m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 (n) Any other factor that the court expressly finds to be relevant and equitable.
In lieu of filing a transcript of the trial court's proceedings, the parties filed a statement of the evidence. This statement was approved by the trial court. The parties stipulated to the following:
 Debra and Daniel Cikunczuk were married on September 3, 1983 in Brunswick, Ohio. No children were born to that marriage. Daniel is 40 years old and works as an electrician for McClintock Energy Systems, Inc. and earns $52,582.00 per year at $25.28 x 2080 hours. He also earns about $2,000.00 per year on his own for additional work. His total income is $54,582.00. Debra is 36 years old and works for Larson Aluminum Sales Inc. and earns $15,080.00 per year at $7.25 x 2080 hours. Daniel was employed during the entire marriage. He graduated from high school and attended two years [of] college. Debra is now employed but did not work outside the home during the marriage. She also graduated from high school and attended two years of beauty school. She also had received computer training and now works in an office. Her employer pays for her health insurance. Daniel is in good health. Debra contracted diabetes as a child. Her condition is stable. * * * Debra is renting from her family. She has no debt. She has $12,000.00 in the bank from the sale of the marital residence. Daniel is also living [with] his family. He has no outstanding debt.
The court specifically considered all the spousal support factors in R.C. 3105.18(C)(1).
Based on the foregoing, we find that the trial court did not abuse its discretion in ordering Daniel to pay Debra spousal support. Daniel's assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Medina Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _________________________________ LYNN C. SLABY, FOR THE COURT
BAIRD, J.
DICKINSON, J., CONCUR