OPINION
On September 10, 1997, appellee, William A. Stevens, filed a complaint for divorce in the Portage County Court of Common Pleas against appellant, Cynthia M. Powell-Stevens. The parties were married on May 13, 1988 in St. Louis and had three children as issue of the marriage. This appeal presents a dispute involving the trial court's classification of expenditures made from a personal injury settlement obtained by appellant, including its disposition of property at 477 Irma Street in Kent, Ohio ("Irma Street property").
On March 12, 1998, the trial court held a hearing. At the hearing, it was revealed that the parties had two houses. Appellee was living in one, at 228 Dodge Street in Kent, Ohio ("Dodge Street property"), that he had purchased four years prior to the marriage. Appellant was living in the other at 477 Irma Street. The testimony indicated that the Irma Street property may have been purchased during the marriage with funds obtained by appellant from a personal injury settlement.
On May 18, 1998, the trial court issued a judgment entry granting divorce on the grounds of incompatibility. It awarded custody of the children to appellant. It determined that the Dodge Street property was appellee's premarital property and awarded it to him. It determined that the Irma Street property was marital property and ordered that it be divided equally.
On June 1, 1988, appellant filed a motion for a new trial in which she asserted that the trial court had erred by: determining that the Irma Street property and an automobile were marital property; failing to treat expenditures made from her personal injury settlement to improve the Dodge Street property as separate property; failing to award spousal support; and, incorrectly calculating child support. The trial court did not rule on appellant's motion for nearly a year. While appellant's motion was pending, the trial court issued a nunc pro tunc entry in which it held in abeyance the issue of child custody pending psychological investigations of the parties and, on February 11, 1999, awarded custody of the children to appellee. On February 24, 1999, appellant filed objections to the magistrate's decision, which were overruled. The issues addressed in those objections are not at issue in this appeal and were the subject of an appeal that we dismissed for lack of a final appealable order. Stevensv. Powell-Stevens (Apr. 3, 2000), Portage App. No. 99-P-0080, unreported.
On February 23, 1999, the trial court sustained appellant's motion for a new trial and determined that no further hearing was necessary. The court acknowledged that it had erred by not considering that she had used cash from her personal injury settlement to purchase the Irma Street property for $83,700. It further determined that the property had subsequently been mortgaged for payment of a marital debt, $61,000 of which remained. In consideration of these facts, it concluded that appellant was entitled to the first $22,700 from any sale of the property or a $22,700 set-off should she purchase the property. It did not explicitly state whether the property was marital or separate. The court did not address the issues of child support, spousal support, or whether the car and improvements in question were also separate property.
Appellant appeals from the judgment entry disposing of her motion for a new trial and assigns four errors. We will not address these assignments of error at this time because the order issued on February 23, 1999 is not final and appealable. As we set forth in dismissing the previously filed appeal in this case: "[a]n order which adjudicates one or more but fewer than all the claims or rights and liabilities of fewer than all the parties must meet the requirements of [both] R.C. 2505.02 and Civ.R. 54(B) in order to be final and appealable." Id., citing Noble v.Colwell (1989), 44 Ohio St.3d 92, 96, 540 N.E.2d 1381. As with the September 20, 1999 order, the February 23, 1999 order is not a final appealable order because it does not contain the "no just reason for delay" language required by Civ.R. 54(B).
From a preliminary review of the record in this case, it appears that the trial court did not indicate the basis for its determination of the issues involving the properties in sufficient detail to enable us to determine whether the award is fair, equitable and in accordance with the law. See Kaechele v. Kaechele
(1988), 35 Ohio St.3d 93, 518 N.E.2d 1197, paragraph two of the syllabus. The court did not address appellant's contention that she made expenditures out of her own separate property for improvements made to the Dodge Street property and the purchase of an automobile. The trial court did not sufficiently explain whether the Irma Street property was marital or separate property or, if it were separate property, whether it became commingled. It is not clear, from R.C. 3105.171(A)(6)(b) or Modon v. Modon
(1996), 115 Ohio App.3d 810, 815, 686 N.E.2d 355, how separate property would become commingled merely because it is subsequently mortgaged.
With regard to the evidence in the record, it is not clear whether the settlement from appellant's personal injury included losses to the marital estate, as no copy of the settlement is present in the record. No copy of the sales agreement for the Irma Street property appears in the record. The only evidence in the record to indicate that the payment for the property was traceable to the settlement is appellant's testimony that she paid $83,700 cash for the Irma Street property from her settlement. Furthermore, after amending its division of the Irma Street property, the trial court did not redetermine the overall division of the parties' property. We would suggest that the trial court conduct a new evidentiary hearing and issue more specific findings of fact and conclusions of law and a final order that would enable us to undertake a proper review.
Furthermore, we are deeply troubled by the trial court allowing appellant's attorney to withdraw two weeks before the final custody hearing, with no apparent notice to her, then refusing to grant her a continuance to obtain a new attorney. We would suggest that the trial court conduct another custody hearing where appellant would have the opportunity to be represented by counsel.
For the foregoing reasons, this appeal is dismissed.
 ______________________________________ JUDGE ROBERT A. NADER
FORD, P.J., O'NEILL, J., concur.