OPINION
Defendant-appellant, Norma M. Thomas, appeals a decision of the Jefferson County Court of Common Pleas ruling on the objections to the magistrate's decision filed by plaintiff-appellee, George E. Thomas.
Appellant and appellee were married on December 15, 1975, in Toronto, Ohio. Two children were born as issue of the marriage, Christina Marie Thomas, who is emancipated, and George Bradley Thomas, who was born on June 4, 1983.
On November 17, 1998, appellee filed a complaint for divorce. The matter was referred to a magistrate and tried on the merits on May 20, 1999. On August 4, 1999, the magistrate completed her findings with the filing of an "AMENDED MAGISTRATE'S FINDINGS AND RECOMMENDATION." Appellee filed objections to the magistrate's decision. The trial court conducted a hearing on the objections on September 22, 1999. On October 1, 1999, the trial court issued a decision ruling on appellee's objections. The court affirmed and approved the magistrate's findings with certain modifications based on additional findings. The court incorporated this decision into the judgment decree of divorce filed on October 21, 1999. This appeal followed.
Appellant's first assignment of error states:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPEAL [sic] IN MODIFYING IN PART AND ADOPTING IN PART A MAGISTRATE'S `FINDING AND RECOMMENDATIONS' WHEN THE SAME WAS DEFECTIVE ON ITS FACE AND DID NOT COMPLY WITH CIV.R. 53."
Appellant argues that a "Magistrate's Decision" was never filed in this case as called for in Civ.R. 53(E)(1). The record reflects that a "MAGISTRATE'S FINDINGS AND RECOMMENDATION" was filed on July 30, 1999, and that an "AMENDED MAGISTRATE'S FINDINGS AND RECOMMENDATION" was filed on August 4, 1999. Appellant argues that the filing of a "Findings and Recommendation" is defective on its face and that the trial court erred to the extent that it relied on and adopted those findings.
Civ.R. 53 provides in relevant part:
"(E) Decisions in referred matters
 "Unless specifically required by the order of reference, a magistrate is not required to prepare any report other than the magistrate's decision. Except as to those matters on which magistrates are permitted to enter orders without judicial approval pursuant to division (C)(3) of this rule, all matters referred to magistrates shall be decided as follows:
"(1) Magistrate's decision
 "The magistrate promptly shall conduct all proceedings necessary for decision of referred matters. The magistrate shall prepare, sign, and file a magistrate's decision of the referred matter with the clerk, who shall serve copies on all the parties or their attorneys.
"(2) Findings of fact and conclusions of law
 "If any party makes a request for findings of fact and conclusions of law under Civ.R. 52 or if findings and conclusions are otherwise required by law or by the order of reference, the magistrate's decision shall include findings of fact and conclusions of law. If the request under Civ.R. 52 is made after the magistrate's decision is filed, the magistrate shall include the findings of fact and conclusions of law in an amended magistrate's decision."
As the rule itself indicates, the magistrate is required to do no more than issue what the rule terms a "decision," unless otherwise provided. Although the rule does not indicate what the contents of that decision should be or how extensive it should be, the presence of Civ.R. 53(E)(2) seems to suggest that the decision need not contain findings of fact and conclusions of law, unless otherwise provided.
In this case, the "AMENDED MAGISTRATE'S FINDINGS AND RECOMMENDATIONS" contains findings of fact, conclusions of law, and recommendations based thereon. Although the rule does not require such, there is nothing that prohibits a magistrate from making findings of fact and conclusions of law in support of its ultimate decision and recommendations. In fact, this court has repeatedly held that when a trial court adopts a magistrate's findings in a domestic relations matter those findings must be sufficient to inform this court as to the basis of the decision and to permit this court to determine whether the decision is fair, equitable and in accordance with the law. See Kaechele v. Kaechele (1988),35 Ohio St.3d 93.
Also, appellant waived any error concerning the magistrate's decision. Appellant lodged no objection in the trial court below either to the substance or form of the magistrate's decision. The rule provides that a party may file written objections to a magistrate's decision within fourteen days of the filing of the decision. Civ.R. 53(E)(3)(a). Objections must be specific and stated with particularity. Civ.R. 53(E)(3)(b). Furthermore, "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under [Civ.R. 53]." Civ.R. 53(E)(3)(b). "This rule reinforces the finality of trial court proceedings by providing that failure to object constitutes a waiver on appeal of a matter which could have been raised by objection." Civ.R. 53(E)(3)(b) commentary.
Accordingly, appellant's first assignment is without merit.
Appellant's second assignment of error states:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN MODIFYING AND ADOPTING THE MAGISTRATE'S `FINDING AND RECOMMENDATION' BY REJECTING CERTAIN FINDINGS OF FACT AND CONCLUSION [sic] OF LAW AND INTERPOLATING ITS OWN FINDINGS WHICH WERE INCONSISTENT WITH AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND AN ABUSE OF DISCRETION."
On September 22, 1999, the trial court held a hearing on appellee's objections to the magistrate's decision. All parties were present at the hearing and represented by counsel. Although appellant's assignment of error is couched in terms of manifest weight, the only argument he makes thereunder is that a review of pertinent passages from the transcript of the hearing reveals an attitude on the part of the trial court judge that can only be characterized as "inappropriate, unreasonable, intemperate and prejudicial to the appellant." Appellant's Brief, p. 5. In support, appellant quotes the following passage:
"THE COURT:Where did she sleep last night?
"MR. KING: I'm sorry, Your Honor?
"THE COURT: Where did she sleep last night?
 "MR. KING: Your Honor, I contacted her last night in regards to reminding her at — you want me to ask her Judge?
 "THE COURT: Well, I want to know where she stayed really for this week.
"MR. KING: Hold on. Let me —
"THE COURT: And —
 "MR. KING: 170 Montgomery Lane, Mingo Junction, You Honor, is where she is residing. Excuse me, Your Honor. Let me pick up the paper that fell." (September 22, 1999 Transcript of Proceedings, p. 10-11.)
Appellant fails to explain how this colloquy demonstrates an abuse of discretion on the part of the trial court judge. It appears as though the court was merely trying to ascertain appellant's current residence. Also, the question was directed to appellant's counsel and not appellant herself. Moreover, appellant's counsel made no objection to the question.
Accordingly, appellant's second assignment of error is without merit.
The judgment of the trial court is hereby affirmed.
Vukovich, J., concurs, and Waite, J., concurs.