OPINION
The Portage County Common Pleas Court, Division of Domestic Relations, concluded merit, contested, divorce proceedings by judgment on August 5, 1999. Appellant, Eric A. Buckeye, appeals, assigning seven errors:
 "[1.] THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR BY REFUSING TO PERMIT THE INTRODUCTION OF ADDITIONAL EVIDENCE UNAVAILABLE AT THE TIME OF TRIAL BEFORE THE MAGISTRATE.
 "[2.] THE TRIAL COURT'S ORDER DESIGNATING CREDIT CARD DEBT HELD IN PLAINTIFF-APPELLEE'S NAME AS MARITAL DEBT, WHILE FAILING TO DESIGNATE AS MARITAL DEBT THAT HELD IN DEFENDANT-APPELLANT'S NAME, WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 "[3.] THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR BY FAILING TO EQUITABLY DIVIDE THE PARTIES' MARITAL DEBT.
 "[4.] THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR BY ORDERING SPOUSAL SUPPORT ABSENT PROPER EVIDENCE AND ANY FINDINGS OF FACT, AND WITHOUT PROPERLY CONSIDERING THE SUBSTANTIAL TEMPORARY SPOUSAL SUPPORT ALREADY PAID.
 "[5.] THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR BY FAILING TO APPORTION TO DEFENDANT-APPELLANT THE REASONABLE VALUE OF HIS SIGNIFICANT AND EXTRAORDINARY LABOR CONTRIBUTIONS TO THE MARITAL RESIDENCE.
 "[6.] THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR BY APPROVING AN IMPROPERLY PREPARED FINAL JUDGMENT ENTRY DECREE OF DIVORCE WHICH INCLUDED ERRORS AND OMISSIONS.
 "[7.] THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR BY COMPELLING THE PARTIES TO FILE A JOINT TAX RETURN FOR THE 1997 YEAR, ALTHOUGH THEY LIVED SEPARATE AND APART, AND BY ORDERING THAT ANY TAX REFUNDS RECEIVED BE DIVIDED EQUALLY."
The first assignment of error is directed to the failure of the trial court to grant a motion for new trial and to permit introduction of additional evidence.
It is patent from an examination of the record that each and all of the additional evidence sought to be presented to the court, which followed magistrate hearings, extended over several months, and a hearing upon objections to the court, was, or in the exercise of reasonable diligence, could have been presented to the fact finder.
Evidence of appellant's contribution to the marital home was, in fact, presented to the trial court. The claims concerning the accounting at trial concerning credit card debt were equally determinable and presentable, in the exercise of ordinary diligence. The real estate settlement statement is irrelevant inasmuch as the court ordered an equitable distribution upon sale. Finally, the Echo Drive settlement statement was discoverable at the time of the original hearing and could have been produced in the exercise of ordinary diligence.
The first assignment of error is without merit.
Appellant focuses upon evidence he sought to introduce in the motion for new trial concerning the prior identification of certain credit card debt as marital debt (as to the appellee) and the failure of the court to allow him to identify Citibank MasterCard as marital debt.
We conclude that the trial court's ultimate designation of personal and marital debt was within the discretion of the trial court and was not against the manifest weight of the evidence. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217.
The second assignment of error is without merit.
Appellant challenges the discretion of the trial court in ordering a disparate division of marital debt, while generally dividing property equitably. Appellee argues that the court did not so error and is entitled, within its discretion, to divide debt unequally where the income of the parties is unequal. Appellant counters that such discretion is only appropriate where there are insufficient marital assets for each party to meet marital debt.
We conclude that the division of marital debt in the instant case was within the sound discretion of the trial court. Kaechele v. Kaechele
(1988), 35 Ohio St.3d 93. See, also, Meliher v. Meliher (Dec. 5, 1997), Portage App. No. 97-P-0025, unreported. The third assignment of error is without merit.
Issues in this case were determined by the magistrate, objections heard by the court, remand ordered, magistrate hearing conducted, and objections again heard by the trial court. At the June 14, 1999, hearing upon objections filed by both parties, the court determined, inter alia:
 "The spousal support award of $500 a month for 16 months from Husband to Wife is insufficient. Accordingly, the Court, for all the reasons outlined in the Magistrate's decision, adjusts the spousal support and finds that Husband should pay to Wife the sum of $1000 a month for 16 months. Considering that Husband has been paying the spousal support of $500 a month for the 9 months this matter has been pending, Husband shall pay the new spousal support Order for an additional 11 consecutive months." June 14, 1999, Judgment.
It is patent that the magistrate, and then the court, gave this matter inordinate consideration, considered all the relevant evidence, applied the appropriate statutory considerations, and decided the issue within the perimeters of sound discretion. The conclusion is neither unreasonable, arbitrary, nor unconscionable. Blakemore, supra.
The fourth assignment of error is without merit.
Appellant claims the trial court failed to properly credit him for his personal contributions to the enhancement of the value of the homestead. Having previously determined that the trial court did not err in the exclusion of his proposed Exhibit 24, tendered upon his motion for new trial, the record does not support his claim of qualitatively determinable personal contributions to the homestead for which he claims entitlement credit upon the sale of the property.
The fifth assignment of error is not supported by the record and, therefore, overruled.
Appellant claims error in the omission of credits to be given appellee in the final judgment of the court and in approving an improperly prepared final judgment. The court had ordered that a decree of divorce be prepared consistent with the court's findings and orders. The final judgment is marked "seen but not approved." Thereafter, the court revisited the case upon hearing the appellant's motion for new trial.
We find that, in signing the final decree, the trial court neither acted contrary to law, nor abused his discretion.
The sixth assignment of error is without merit.
Appellant argues that the division of the income tax refund equally between the parties amounts to a grant to appellee of a greater portion of appellant's income, and not an equal distribution of the benefit of the order that they file such return as will minimize the total tax burden. Because the entire withholding was made against appellant's income, appellant is correct that the refund is a part of the compensation he earned, but was temporarily held by the government. Thus, an equal distribution of the entire refund does, indeed, grant to appellee an additional amount of spousal support.
We conclude that the trial court abused its discretion by generating a consequence of its order to minimize the tax burden that penalizes the wage-earner in the context of the entire order. A proper order to effect equity would be to divide equally between the parties the excess refund generated by the joint return mechanism, not the entire refund.
The seventh assignment of error has merit and the judgment, in this regard, is reversed and the case is remanded to the trial court for further proceedings according to this order and law.
We affirm the judgment of the Portage County Court of Common Pleas, Domestic Relations Division, in all respects except the order for the division of the 1997 income tax refund.
Appellant is ordered to pay the costs of these proceedings.
 ________________________ HON. JOHN R. MILLIGAN, J., Ret., Fifth Appellate District, sitting by assignment.
FORD, P.J., concurs, NADER, J., dissents with Dissenting Opinion.