KAECHELE, APPELLEE, *v.* KAECHELE, APPELLANT.

[Cite as Kaechele *v.* Kaechele (1988), 35 Ohio St. 3d 93.]

(No. 87-42—Decided February 10, 1988.)

*Luper, Wolinetz, Sheriff & Neidenthal, Barry H. Wolinetz* and *Mark S. Miller,* for appellee.

*Porter, Wright, Morris & Arthur, Earl F. Morris, Thomas R. Sant, Stebelton, Aranda & Snider* and *Gerald L. Stebelton,* for appellant.

HERBERT R. BROWN, J. This appeal presents two related issues: (1) whether the trial court abused its discretion in making a sustenance alimony award which does not place the parties in complete parity, and (2) whether the failure of the trial court to specifically mention the Brown-McNeely bonus in its alimony award constitutes an abuse of discretion.

" 'The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. * * * [Citations omitted.]' " *Blakemore* v. *Blakemore* (1983), 5 Ohio St. 3d 217, 219, 5 OBR 481, 482, 450 N.E. 2d 1140, 1142. (Quoting *State* v. *Adams* [1980], 62 Ohio St. 2d 151, 157, 16 O.O. 3d 169, 173, 404 N.E. 2d 144, 149.) In *Martin* v. *Martin* (1985), 18 Ohio St. 3d 292, 294-295, 18 OBR 342, 344-345, 480 N.E. 2d 1112, 1114-1115, we said that a domestic-relations award should be fair, equitable, and in accordance with law. The reviewing court should measure the lower court's adherence to that test but it should not substitute its judgment for that of the trier-of-fact, unless the lower court's decision amounts to an abuse of discretion.

I

In the case *sub judice,* the court of

appeals held that R.C. 3105.18[1] "* * * mandates consideration of the standard of living of the parties established during the marriage with the apparent intent to have both parties maintain the standard of living established during the marriage." From this, the court of appeals concluded that the failure of the trial court to place the parties in complete parity amounted to an abuse of discretion. We do not agree.

In Ohio, alimony is comprised of two components: a division of marital assets and liabilities, and periodic payments for sustenance and support. *Cherry* v. *Cherry* (1981), 66 Ohio St. 2d 348, 352, 20 O.O. 3d 318, 321, 421 N.E. 2d 1293, 1297. After the division of property is made, the trial court may consider (1) whether an additional amount is needed for sustenance and (2) the duration of such necessity. *Wolfe* v. *Wolfe* (1976), 46 Ohio St. 2d 399, 414, 75 O.O. 2d 474, 482, 350 N.E. 2d 413, 423.

In *Cherry, supra,* we rejected a flat equal-property-division rule and

held that equal division should be the starting point of the trial court's analysis when it considers the factors listed in R.C. 3105.18 and all other relevant factors. An unequal property division does not, standing alone, amount to an abuse of discretion. Equitable need not mean equal.

This reasoning applies to sustenance alimony awards. The standard of living achieved by the parties during their marriage is often altered upon termination. While we recognize that "* * * [n]either party should make a profit at the expense of the other * * *," *Cherry, supra,* at 355, 20 O.O. 3d at 322, 421 N.E. 2d at 1299, we do not interpret R.C. 3105.18 to require an alimony award that provides the parties with an equal standard of living or a standard of living equivalent to that established during the marriage. Sustenance alimony is based on need, and the trial court must have latitude to examine all the evidence before it awards an amount that is reasonable and equitable to both parties.

Appellee does not contend that the

---

[1] R.C. 3105.18, which sets forth the guidelines for the trial court's determination of alimony, provides in pertinent part:

"(A) In a divorce, dissolution of marriage, or alimony proceedings, the court of common pleas may allow alimony as it deems reasonable to either party.

"The alimony may be allowed in real or personal property, or both, or by decreeing a sum of money, payable either in gross or by installments, as the court deems equitable.

"(B) In determining whether alimony is necessary, and in determining the nature, amount, and manner of payment of alimony, the court shall consider all relevant factors, including, but not limited to, the following:

"(1) The relative earning abilities of the parties;

"(2) The ages, and the physical and emotional conditions of the parties;

"(3) The retirement benefits of the parties;

"(4) The expectancies and inheritances of the parties;

"(5) The duration of the marriage;

"(6) The extent to which it would be inappropriate for a party, because he will be custodian of a minor child of the marriage, to seek employment outside the home;

"(7) The standard of living of the parties established during the marriage;

"(8) The relative extent of education of the parties;

"(9) The relative assets and liabilities of the parties;

"(10) The property brought to the marriage by either party;

"(11) The contribution of a spouse as homemaker."

sustenance alimony awarded is inadequate to meet her living expenses; instead, she argues that it is inequitable and unreasonable not to allow her to share in the higher standard of living that appellant enjoys as his income increases.

R.C. 3105.18(B) lists standard of living as one of eleven factors a trial court is to consider in determining the amount of alimony. Some of the factors enumerated in R.C. 3105.18(B) are more pertinent than others in the process of reaching an equitable property division, while some are more relevant in ascertaining the need for and amount of sustenance alimony. See *Cherry, supra,* at 355-356, 20 O.O. 3d at 322-323, 421 N.E. 2d at 1299; *Wolfe, supra,* at 414, 75 O.O. 2d at 482, 350 N.E. 2d at 423. However, all the statutory factors must be considered. The goal is to reach an equitable result. The method by which the goal is achieved cannot be reduced to a mathematical formula. Therefore, we hold that in making a sustenance alimony determination, the court must consider all the factors listed in R.C. 3105.18(B) and not base its determination upon any one of those factors taken in isolation.

We conclude that the court of appeals erred in its suggestion that an alimony award must establish an equal standard of living for the parties.

## II

The real controversy in this case centers on the alleged failure of the trial court to weigh the Brown-McNeely bonus in making its alimony award. The court of appeals points out that the amount of the bonus and the right to receive it appear to be fixed and, therefore, should have been considered by the trial court either as part of the division of property or in setting sustenance alimony. Appellant argues that because of its contingent nature, the bonus could not be deemed a marital asset capable of division at the time of divorce.

The Brown-McNeely bonus is contingent upon (1) appellant's continued employment with PICO and (2) the solvency of the reinsurance company. The amount of the award is certain ($313,500 payable in six equal installments of $52,250 from 1987 through 1992).

The bonus is a contract to receive a fixed sum over a fixed period of time. The contingencies are essentially the same as those attendant to appellant's receipt of future salary. In some respects there is less contingency here because payments survive the death or disability of appellant.

The bonus is more like an asset than it is like contingent income (as for example a sales bonus). It is payment for past services (spread over a fixed number of years). It does not depend upon the employee's time or effort.

The effect of the Brown-McNeely bonus is substantial. The division of assets by the trial court gives fifty-seven percent of the assets to Sharon and forty-three percent to David. The payments to be received under the Brown-McNeely bonus total $313,500. If considered as an asset (and not reduced to present value), this addition to David's allocation would give him eighty-two percent of the total assets as opposed to Sharon's receiving eighteen percent.

If the bonus is treated as income, the allocation between the parties is also skewed. Disregarding the bonus, the split of the parties' combined income is roughly seventy percent to David and thirty percent to Sharon. If the yearly bonus payment ($52,250) is added to David's share, his percentage of the total income becomes seventy-eight percent and Sharon's drops to nearly twenty-two percent.

Thus, we believe the court of appeals would have been correct in finding abuse of discretion if the award by the trial court foreclosed appellee from seeking adjustments when (and if) the bonus payments are received by appellant.

In making its award, the trial court did not specifically address the Brown-McNeely bonus. Therefore, it is unclear whether the trial court gave weight to the bonus in making either its division of assets or its sustenance alimony award.

Appellant argues that, since the bonus is contingent, the proper time to consider its effect on the parties is at the time bonus payments are actually received. The trial court did reserve continuing jurisdiction over sustenance alimony. The trial court may have intended to defer consideration of the bonus payments. The problem is that neither the record nor the determination by the trial court tells us how the Brown-McNeely bonus was treated.[2] This, the trial court must do. In allocating property between the parties to a divorce and in making an award of sustenance alimony, the trial court must indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law.

Accordingly, the judgment of the court of appeals is affirmed, as modified, and we remand the cause to the trial court for more specific findings of fact and conclusions of law, and to make a disposition of the Brown-McNeely bonus in accordance with this opinion.

*Judgment affirmed, as modified, and cause remanded.*

MOYER, C.J., SWEENEY, LOCHER and WRIGHT, JJ., concur.

DOUGLAS, J., concurs in judgment only.

HOLMES, J., concurs in part and dissents in part.

HOLMES, J., concurring in part and dissenting in part. I would affirm the trial court's determination here in all respects. I am in agreement with the majority that the court of appeals erred in its interpretation of this court's prior decisions concerning the amounts to be distributed as sustenance alimony pursuant to R.C. 3105. 18. The majority of the court of appeals went far afield when it held that the parties must be placed in "complete parity." Nowhere within the applicable statutes, nor within this court's opinions, may this pronouncement of law be found. Alimony awards pursuant to the statute need only be reasonable and equitable, which is certainly not necessarily the same as ensuring equality or complete parity as mandated by the majority below.

In part, the court of appeals' vacation herein was based upon the failure of the trial court to specifically state in its decision and order that it had considered the Brown-McNeely bonus when making its alimony decision. However, I conclude that the trial court did not abuse its discretion in this regard, in that although the bonus was in fact one for a fixed and determinable amount, its award was contingent on certain events occurring in the future: specifically, that David remain with the company, and that the bonus be awarded year to year. Although the total amounts could be considered as

---

[2] The trial court could have eliminated the contingency problem and the need for later consideration of the Brown-McNeely bonus by simply allocating a percentage of the bonus payments to each of the parties if and when bonus payments are made.

an "expectancy" pursuant to R.C. 3105.18(B)(4), the trial court could have concluded that such amounts were too uncertain to give them substantial weight. In this determination the trial court did not abuse its discretion, and in this respect I differ with the majority herein, and so would reverse the court of appeals and affirm the trial court.