## Davis v. Davis
*[Cite as 8 AOA 686]*

Case No. CA90-04-003
*Fayette County, (12th)*
*Decided November 26, 1990*

*Michael T. Hall, Brannon, Hall & Tucker, Six South Patterson Blvd., Suite 300, Dayton, Ohio 45402, for Plaintiff-Appellant.*

*Nancy D. Hammond, Hammond & Hammond, 129 North Hinde Street, Washington Court House, Ohio 43160, for Defendant-Appellee.*

JONES, P.J.
Plaintiff-appellant, Carlton L. Davis, appeals the division of property and an award of sustenance alimony rendered in appellant's divorce action against defendant-appellee, Sara J. Davis.

Appellant and appellee were divorced on March 22, 1990, following a nine year marriage. At the time of the divorce, appellant was employed by General Motors with an annual salary of approximately $40,000. Appellee's position as a school librarian paid $22,500, although appellee's income was expected to increase to $25,000 upon receiving her master's degree. Among other things, the trial court ordered appellant to pay appellee $23.78 per week as sustenance alimony, and awarded appellee a share of appellant's

expected General Motors pension pursuant to a qualified domestic relations order with appellee to receive payments under the order beginning on appellant's fiftieth birthday.

Appellant timely appealed and initially submitted four assignments of error. Prior to oral argument, however, appellant voluntarily withdrew his fourth assignment of error, leaving the following assignments of error for our consideration:

Assignment of Error No. 1.
"THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF IN AWARDING ANY SUSTENANCE ALIMONY IN THE ABSENCE OF DEMONSTRATION OF, OR A FINDING OF NEED."

Assignment of Error No. 2.
"THE TRIAL COURT ERRED BY FAILING TO PROVIDE FOR TERMINATION OF THE AWARD OF SUSTENANCE ALIMONY WITHIN A REASONABLE TIME OR UPON A DATE CERTAIN."

Assignment of Error No. 3.
"THE TRIAL COURT ERRED BY ATTEMPTING TO INITIATE A QUALIFIED DOMESTIC RELATIONS ORDER REQUIRING PAYMENTS TO THE ALTERNATE PAYEE PRIOR TO ANY DATE IN WHICH THE PLAINTIFF WAS ENTITLED TO RETIREMENT BENEFITS."

In his first assignment of error, appellant takes the position that the trial court could not award sustenance alimony absent a demonstration or a finding of need.

In *Kaechele v. Kaechele* (1988), 35 Ohio St. 3d 93, 97, the Ohio Supreme Court held that a trial court, in making an award of sustenance alimony, "*** must indicate the *basis for its award* in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with law." (Emphasis added.) The trial court failed to specify the basis for its award in its decision. Appellee contends that those reasons forming the basis of a sustenance alimony award need not be expressed in the court's decision so long as the basis is set forth in the record. The parties' disparity of income is adequately reflected in the record and this, according to appellee, satisfies the requirement for demonstrating need.

The trial court must have found some need otherwise it would not have awarded

sustenance alimony to appellee. Nevertheless, the court's failure to express the basis for its award enables us to do nothing more than speculate as to its underlying reasons and prevents us from determining if the award was justified by appellee's need and whether the alimony reflects a proper exercise of the court's discretion. We accordingly conclude that *Kaechele, supra,* requires the trial court to specifically indicate the basis for its sustenance alimony award.

We therefore find merit with the first assignment of error and accordingly order the matter remanded so that the trial court can specify the basis for its award in order to determine whether the requisite need for sustenance alimony existed.

In his second assignment of error, appellant claims the trial court erred by failing to provide for termination of the sustenance alimony award within a reasonable time or upon a date certain.

In *Kunkle v. Kunkle* (1990), 51 Ohio St. 3d 64, paragraph one of the syllabus, the Ohio Supreme Court concluded that:

"Except in cases involving a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home, where a payee spouse has the resources, ability and potential to be self-supporting, an award of sustenance alimony should provide for the termination of the award, within a reasonable time and upon a date certain, in order to place a definitive limit upon the parties' rights and responsibilities."

The record reveals that the parties' marriage lasted only nine years. In addition, appellant was forty-one years of age and appellee thirty-six at the time of the divorce. Appellee not only has the opportunity to develop meaningful employment outside the home, but currently holds a position as a school librarian and stands to increase her earning ability upon receiving her master's degree. The case at bar obviously does not involve a marriage of long duration, parties of advanced age, or a homemaker-spouse with little opportunity to develop meaningful outside the home. Therefore, it is apparent that the ruling in *Kunkle, supra,* requires the trial court to provide for the termination of the sustenance alimony award within a reasonable time and upon a date certain.

We therefore conclude that the second assignment of error is well-taken and sustained. The matter is to be remanded so that the trial court may provide for termination within a reasonable time and upon a date certain.

In his third assignment of error, appellant claims the trial court erred in issuing a qualified domestic relations order (QDRO) which required a distribution of appellant's pension benefits to appellee prior to the time appellant was entitled to receive any such benefits. Appellant does not challenge the court's authority to issue a QDRO, but rather the court's requirement that benefits be distributed to appellee before they may be withdrawn.

The court ordered a distribution of a portion of the pension benefits to appellee when appellant reached the age of fifty. Pursuant to the plan, the earliest age at which appellant could receive benefits is age fifty-five, and only then if he terminates his service with his employer. Otherwise, his earliest retirement date is at his sixtieth birthday.

Clearly, the court's QDRO is contrary to the plan's provisions as well as Section 414(p)(4), Title 26, U.S. Code, which provides that benefits may be paid to an alternate payee on or after the date on which the plan participant attains (or would have attained) the earliest retirement age. Earliest retirement age is defined as being the earlier of "the date on which the participant is entitled to a distribution under the plan," or the latter of "the date the participant attains age fifty," or "the earliest date on which the participant could begin receiving benefits under the plan if the participant separated from service." Section 414(p) (4) (B), Title 26, U.S. Code.

Inasmuch as the earliest appellant would be entitled to receive pension benefits is when he reached the age of fifty-five, the trial court erred in issuing a QDRO which required a distribution of benefits when appellant reached the age of fifty. Accordingly, the third assignment of error is sustained and the trial court is to modify its QDRO so as to conform to both the plan's provisions and the governing federal law.

KOEHLER, J., concurs.

HENDRICKSON, J., concurs separately.

HENDRICKSON, J., concurring separately.

Mere disparity of income does not establish a need for alimony. Instead, there must be evidence that appellee cannot provide the necessities of life within the limits of her own income. Consequently, in the absence of any indication by the trial court of the basis for the decision to award alimony, I am unwilling to speculate that the trial court found some need. Instead, the absence of any such basis causes me to speculate that appellee's income was sufficient and that alimony was not necessary.

I agree with the majority that the case must be remanded to the trial court for determination of the date to terminate the sustenance alimony and to modify the QDRO.