OPINION
Defendant-appellant, Donna K. Lintner-Clark, appeals from the judgment entered in the Carroll County Court of Common Pleas awarding plaintiff-appellee, Victor Harold Clark, Jr., certain assets and denying her spousal support.
Appellant and appellee were married on August 29, 1992. No children were born as issue of their marriage. Appellee filed for a divorce which was granted on June 23, 1999.
In its opinion and judgment entry of June 23, 1999, the trial court made the following findings: Appellee has been employed by the Timken Company for over twenty-five years and also works on the farm where he resides. Appellant is a college graduate and is in good mental and physical health. Appellant has previously had twenty jobs and admitted to being "employable." Prior to the marriage, appellant had been employed as a purchasing agent earning $26,500 per year. For approximately a year after the marriage she was employed as a claims adjuster at $25,000 a year. Appellant voluntarily quit that employment in March of 1993 and since then has not worked outside of the home.
Appellee has resided on the farm, located at 3056 Arrow Road, Carrollton, Ohio, owned either by him or his parents since 1979. When the parties married, appellant moved into the residence with appellee. In 1993, the parties met with an attorney for estate planning purposes. They decided to transfer the title of the farm, along with some other assets, to joint and survivorship title. Both parties testified that they did this for estate planning purposes.
The trial court granted the parties a divorce, divided the property, and denied appellant spousal support. The orders that appellant alleges are in error are: the division of the marital assets, in particular the farm; the characterization of the Nationwide and Merrill Lynch accounts as marital property; and the denial of spousal support. Appellant filed her timely notice of appeal on July 19, 1999.
Appellant's first two assignments of error will be addressed together. Appellant's first assignment of error states:
 "TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO PROPERLY DIVIDE THE ASSETS OF THE MARRIAGE IN AN EQUITABLE MANNER."
Appellant's second assignment of error states:
 "THE TRIAL COURT ABUSED ITS DISCRETION IN ALLOCATING SEPARATE AND MARITAL PROPERTY."
Appellant takes issue with the trial court's distribution of the farm property. Appellant advances two arguments in support. First, appellant asserts that by awarding the farm to appellee outright, the trial court's division of the parties' property was inequitable. The court determined the fair market value of the farm to be $266,000.00. By adding this amount to the other marital assets awarded to appellee, appellant asserts that the resulting distribution is $321,254.95 in assets to appellee, while she received assets totaling only $78,294.85.
In the alternative, appellant argues that even if she were awarded only the post-marriage appreciation value of the farm, $76,000.00, the resulting distribution is $131,254.95 in assets to appellee, while she still receives assets totaling only $78,294.85.
The trial court made the following observations concerning the farm:
 "At the time of the parties' marriage in 1992, the farm had a market value of $190,000. (Pltf. Exh. 1). Since no new improvements have been made, or buildings added, since 1992, any appreciation in value since that date is presumably due to a general increase in Carroll County land prices. Facially, the post-marriage farm value appreciation is $76,000.
 "As to this farm parcel, plaintiff asserts that it is pre- or non-marital in nature and therefore his `separate' property. Defendant contends that, by virtue of the 1993 joint and survivorship deed, the farm is `marital' property, and she seeks 50% of its value. Defendant cites the court to its prior decision in Norris v. Norris, Carroll C.P. No. 21832-98-93, dec. 10-8-98 (attached to defendant's pre-trial brief filed 1-19-99).
 "In Norris, each of the parties owned separate, pre-marital real property at the time of their marriage. Subsequent to their marriage, they merged their separate properties into one jointly titled-interest with the use of a joint and survivorship deed. This act was done in conjunction with estate planning purposes with the complete advice of counsel and full understanding as to the consequences of executing that deed. Both parties in Norris testified that it was their present intention, with that deed, to transfer their respective real property interests to each other. Applying Barkley, supra, and Helton v. Helton (1996), 114 Ohio App.3d 683,
this court in Norris found that the realty had been converted into `marital property' by the parties' own conduct (Moore, supra).
 "The facts of our case sub judice are not those of Norris. Mrs. Clark did not own premarital, separate real property to bring into this marriage. While the 1993 deed at issue was executed in conjunction with general estate planning (the Clarks at the same time changed certain pre-marital bank and/or investment accounts also from individual names to joint and survivorship status), both plaintiff and defendant testified they did not intend to create present interests in these assets for the other spouse (see Barkley, supra). Their intent was to delay any such interest until the death of a spouse. Further, there was testimony in this case to the effect that the attorney who prepared the 1993 deed did not fully explain to the Clarks the immediate, non-death consequences of that conveyance.
 "Thus, the holding in Norris may be distinguishable on its facts and inapplicable to the instant question. If so, the farm, still `traceable' to Mr. Clark, could, applying R.C. 3105.171 (A) (6) (b) and 3105.171 (H), be classified as his separate property. However, such finding would still not necessarily preclude the defendant, whether applying provisions of R.C. 3105.171 (A) (3) (a) or principles of equity, from recovering any monies she paid on mortgage reduction or from sharing in the appreciation of the farm occurring `during the marriage'.
 "Nevertheless, Norris, citing in part to the law of conveyances, notes that the execution of a joint and survivorship deed, containing language of `give, grant or convey', represents a clear expression of a complete, present intent to transfer a fee interest in real property (citations omitted). This is essentially the law expressed in Moore and Helton, supra. Accordingly, the Clark `farm' parcel could be classified as `marital' property.
 "However, even if the farm is a marital asset subject to judicial division, the court finds it `totally inequitable' to award the defendant with an equal one-half interest in same (Russell v. Russell, Jefferson App. No. 92-J-31, dec. 6-10-93, unreported; applied and followed). As in Russell, the defendant `brought no assets into the marriage other than certain specific ones and, further, that the intention of the transfer of interest in the home was specifically to protect her if the plaintiff were to die during their marriage'. Additionally, the Clark marriage is of short duration, only 6 1/2 years, while Mr. Clark has continuously resided on the property as his home since 1979, or 20 years. As observed, supra, during this marriage no improvements were made to the farm by the parties, and any appreciation in value resulted simply from the natural increase in Carroll County land values in general. The trial testimony suggests that defendant did not assist much in the actual farming operation, but served primarily as a homemaker. Defendant was not gainfully employed outside the home after 1993, and, consequently, the entire financial burden of the farm and the marriage was borne by the plaintiff from his employment income. To award the defendant a one-half interest in the farm, assuming arguendo it is a `marital' asset, would, under the facts of this case, be indeed `totally inequitable' (per Russell).
 "However, this finding would still not necessarily preclude the defendant from recovering any monies she paid on mortgage reduction or from sharing in the appreciation of the farm occurring after 1992.
 "Therefore, in this particular case, a technical classification of the farm as `separate' or `marital' property is not required since the ultimate disposition will be the same under either theory. Defendant's claim of a one-half interest in the farm is simply not supportable.
 "As to the various mortgage reductions during the marriage, the Charter One Bank loan on the two undeveloped parcels was, as above noted, paid off in 1998 from plaintiff's employment income and funds derived from the sale of timber off the farm. Defendant did not contribute to this mortgage satisfaction.
 "The pre-marital Society National Bank mortgage on the farm was paid off in 1995 with $12,000 drawn from a Nationwide Investment Fund (then joint, but originally established in Mr. Clark's name only (Pltf. Exh. 35) plus $4,500.00 drawn from a separate Nationwide Fund titled in defendant's name only although created after the 1992 marriage (Deft. Exh. F).
 "Applying the above caselaw and principles of equity, the court finds that as to the farm parcel, that parcel should be awarded to the plaintiff in its entirety. However, the court also finds that defendant should be awarded $25,000.00 as an equitable share of the farm's post-marriage appreciation in value plus an award of $4,500.00 for her individual contribution toward the mortgage satisfaction on that asset, or a total award of $29,500.00 in the farm. This is the value she claims the two undeveloped parcels are worth (see: Deft. Exh. S; 3-19-99 defendant's proposed findings and conclusions at p. 2).
 By agreement, these two parcels are `marital' property and subject to court division.
 "Therefore, as to the real property, it is hereby ordered that:
 "a) the 53.354 acre farm parcel is awarded absolutely in fee simple to the plaintiff, Mr. Clark, as his sole property subject to any liens or encumbrances thereon, and he saving the defendant harmless therefor;
 "b) the two undeveloped parcels (4.290 and 4.668 acres respectively) are both awarded absolutely in fee simple to the defendant, Mrs. Clark, as her sole property subject to any liens or encumbrances thereon, and she saving the plaintiff harmless therefor.;
 "c) the parties will effect the above division of real property by an exchange of warranty deeds within thirty (30) days from the date of this Judgment Entry."
Contrary to the trial court's assertion, a technical classification of the farm as separate or marital property in this particular case is required. In fact, it is required in all divorce cases, regardless of the particular circumstances. R.C.3105.171 (B) provides in relevant part:
 "In divorce proceedings, the court shall * * * determine what constitutes marital property and what constitutes separate property. * * *"
Except under limited circumstances, a spouse's separate property is to be distributed to that spouse. R.C. 3105.171 (D). Therefore, there is no consideration of whether awarding that spouse his or her separate property is equitable. Additionally, appreciation acquired from separate property by one spouse during the marriage is considered that spouse's separate property. R.C.3105.171 (A) (6) (a) (iii).
Even assuming that it was equitable for appellant to receive only $25,000.00 as an equitable share of the farm's post-marriage appreciation in value plus $4,500.00 for her individual contribution towards satisfying the farm mortgage, the trial court erred in its attempt to satisfy this award. As its decision indicates, the court awarded appellant two parcels of real estate, valued at approximately $29,500, outright to satisfy the award. These two parcels, however, were classified as marital property by the court. The court, in essence, awarded appellant property she already had an existing equitable one-half interest in. Consequently, awarding her that property outright satisfied only half of the $29,500 award.
Nevertheless, without the classification of the farm as either separate or marital property, we are left without a proper framework by which to review the trial court's decision. InKaechele v. Kaechele (1988), 35 Ohio St.3d 93, the Supreme Court of Ohio held that a trial court must indicate the basis for its award of marital property in sufficient detail so as to allow a reviewing court to determine whether the award is fair and equitable. The Ninth District Court of Appeals in Shuman v.Shuman (April 5, 1995), Summit App. No. 16836, unreported, 1995 WL 149155 at *2, citing Kaechele, held that "[w]hen a trial court fails to classify all of the parties' property as either marital or separate and then fails to value that property in its findings, an appellate court cannot effectively review the accompanying entry."
In her third assignment of error, appellant contends the trial court abused its discretion by failing to consider all relevant evidence and statutory factors in making. its determination as to spousal support.
One of the factors to be considered by a trial court in making a determination as to spousal support is set forth in R.C.3105.18 (C) (1) (a) as follows:
 "The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 * * * of the Revised Code[.]"
Our resolution of the issue presented in appellant's first and second assignments of error renders us unable to determine whether the trial court's denial of spousal support constituted an abuse of discretion. As the division of marital property is a factor to be considered in making a determination of spousal support, that issue cannot be reviewed until a proper distribution of marital property has been made.
The decision of the trial court is hereby reversed and remanded for clarification as to the trial court's findings of marital and separate property as well as the values of such and for distribution of said property according to law and consistent with this court's opinion.
Vukovich, J., concurs, Waite, J., concurs.
 ____________________ Gene Donofrio, Judge