OPINION
David Young is appealing from the award of spousal support in favor of his former wife, Sandra Young, in the decree which granted him (David's)[1] his sought for divorce.
Appellant, David, represented by counsel, sets forth the following four assignments of error:
 1. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT AWARDED APPELLEE SPOUSAL SUPPORT.
 2. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO COMPLY WITH THE REQUIREMENTS OF R.C. 3105.18(C)(1) AND INDICATE THE BASIS FOR ITS AWARD OF SPOUSAL SUPPORT UNDER CIVIL RULE 52.
 3. THE TRIAL COURT ABUSED ITS DISCRETION BY AWARDING SPOUSAL SUPPORT TO APPELLEE WITHOUT EVIDENCE OF APPELLEE'S NEED.
 4. THE TRIAL COURT HAS CONTINUALLY ABUSED ITS DISCRETION BY ASSESSING THE CASE IN AN UNFAIR, INEQUITABLE AND UNCONSCIONABLE WAY.
Defendant, Sandra, was represented by counsel at the trial level during the hearing, but her counsel since then withdrew, with the approval of this court, and Sandra neither sought and obtained new counsel nor filed a pro se brief in this appeal. This was a marriage of only fifteen months which included eight different separations. There was ample evidence in the transcript of the hearing that David made many payments for and on behalf of Sandra, including her moving costs with each of the eight separations, her credit card debt, the cost of her mother's funeral, her expenses to stay in a hotel to be near her father until his death, her insurance premiums, car repairs, and attorney fees from a previous court case. David argues that because of these and many other payments made by him, which arguably total around $16,000, he should not have to pay anymore in spousal support. In its decision and decree, the trial court disposed of this argument as follows:
 The court rejects plaintiff's theory that it should re-determine on his behalf all of the financial decisions he made during the marriage. Plaintiff demands that defendant reimburse him for all of his expenditures made during the marriage. However, Ohio law (R.C. 3105.18) provides that all of the earnings of either party during the marriage are considered marital earnings. The fact that plaintiff may have had a higher income or wrote the checks for expenditures does not make him his wife's creditor. Plaintiff is not entitled to reimbursement from defendant for marital expenditures from marital funds. Plaintiff is not entitled to reimbursement from defendant for expenditures he voluntarily made from his separate pre-marital property for defendant's debts. The purpose of Ohio divorce law is not to restore parties to their pre-marital financial status, as if the marriage had never occurred. The court cannot "un-marry" parties and restore them to their pre-marital financial state, but can only divide marital and separate interests as provided by the Revised Code.
In its decree, the trial court set forth all the statutory factors that should be considered in determining spousal support, but then, without specifying any reasons whatsoever for its decision, found that Sandra was entitled to receive spousal support from David in the amount of $750 per month for a period of six months, commencing July 1, 2000.[2] Decree, 5. It appears that the trial court clearly ignored the requirement that it "must indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law." Kaechele v. Kaechele (1988), 35 Ohio St.3d 93,97. This court has also held that in making an award for spousal support, the court must consider both the need of one spouse for support and the ability of the other to pay it. Stafford v. Stafford (Mar. 8, 1995), Greene App. No. 94-CA-54, unreported.
We have carefully read, and in fact reread, the transcript of the hearing which presented the sole evidence to the court before it rendered its decree. We find absolutely no evidence, zero, none, of any basis for the decision to award spousal support, much less a substantial monthly amount for a period of six months. In fact, Sandra herself testified that originally she wanted a dissolution and did not want spousal support. Tr. 68. Furthermore, she testified that she told him she wanted a divorce "because I was mad at him, but I never approached him for alimony." Tr. 73. During the hearing, however, she did state she was seeking spousal support.
We found absolutely no evidence to support an award of spousal support on the facts before us. We find that the trial court abused its discretion in making the award here, and we sustain the first three assignments of error, but overrule the fourth assignment of error. The judgment as to spousal support, both term and amount, is vacated, but the balance of the judgment and decree of the trial court is affirmed.
 _______________ YOUNG, J.
WOLFF, P.J. and FAIN, J., concur.
[1] For clarity's sake, we shall refer to the parties by their first names.
[2] During oral argument we were informed that the payments had been made to the Clerk of Courts to be held in escrow pending the outcome of this appeal.