OPINION
This is an accelerated calendar appeal submitted to the court on the briefs of the parties. Appellant, Neumond V. Giles, appeals from a final judgment of the Portage County Court of Common Pleas, Domestic Relations Division, dividing property after a divorce. For the reasons that follow, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
Appellant and appellee, Shirley T. Giles, were married in February 1998. No children were born as issue of the marriage. On October 20, 1999, appellant filed a complaint for divorce alleging that the parties were incompatible with no hope of future reconciliation. Appellee filed an answer denying the allegations in the complaint.
The contested divorce came on for trial on May 10, 2000. Appellant and appellee were represented by counsel, and both testified during the proceedings. On May 16, 2000, the trial court issued a judgment entry dissolving the marriage and granting a divorce on the basis of the parties' incompatibility. In the final divorce decree, the trial court ordered appellant to pay appellee $6,318, which purportedly represented the additional marital supplement appellant received during the marriage from his black lung pension. The trial court further ordered appellant to immediately transfer title of his automobile to appellee.
From this judgment, appellant filed a timely notice of appeal with this court. He now asserts the following assignment of error for our consideration:
 "The trial court abused its discretion in awarding the appellee the automobile of the appellant and awarding a lump sum amount of money as property settlement."
 Under his sole assignment of error, appellant first argues that the trial court abused its discretion by ordering him to transfer title to his automobile to appellee as part of the property settlement. According to appellant, the vehicle was titled in his name and is his only means of transportation. Moreover, appellant maintains that although appellee occasionally drove the car, there is nothing in the record to indicate that he at any time relinquished ownership over it.
In addition, appellant also claims that the trial court erred when it failed to consider the money he gave to appellee out of his black lung pension to help her pay her medical bills when calculating its $6,318 lump sum payment. Appellant believes that this money should have been considered because he is on a fixed income, whereas appellee currently is and always was employed during the course of their marriage.
In Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, paragraph two of the syllabus, the Supreme Court of Ohio held that "[i]n allocating property between the parties to a divorce * * * the trial court must indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law." See, also, Buckeye v. Buckeye (Dec. 29, 2000), Portage App. No. 99-P-0086, unreported, at 9-10, 2000 Ohio App. LEXIS 6210. Put another way, "* * * the trial court must provide a basis for appellate review by recording findings of fact that support its decision." Szerlip v.Szerlip (1998), 129 Ohio App.3d 506, 512.
Here, the trial court made the following dispositions of property:
 "1. [Appellant] received an additional sum of $234 on his `black lung' pension for [appellee]. [Appellant] maintained a separate residence during the course of the marriage and [appellee] incurred certain expenses, but did not have the benefit of assistance from [appellant].
 "Accordingly, [appellant] shall pay to [appellee] the sum of $6,318, which sum represents the additional marital supplement [appellant] received during the marriage for [appellee].
 "2. A motor vehicle, titled to [appellant] (who is unable to drive), shall be awarded to [appellee] and [appellant] shall transfer title.
"* * *."
 As can be seen from the final divorce decree, the trial court does not adequately indicate the basis for its award in sufficient detail to enable this court to determine whether the award is fair, equitable, or in accordance with the law. Kaechele. In fact, there is nothing in the trial court's decision showing what evidence it relied on or the weight it gave to each fact in making its award.
Certainly, there is some evidence in the record that arguably supports the trial court's judgment.[1] Nonetheless, it would be improper for this court to perform the intermediate analytical steps that the trial court failed to include in its decision because "[w]e refuse to speculate regarding the deliberative process employed by the trial court in reaching its * * * award. Herman v. Herman (Mar. 28, 1997), Portage App. No. 96-P-0194, unreported, at 13, 1997 Ohio App. LEXIS 1223. Instead, the appropriate course of action is to remand the matter so that the trial court may comply with the requirements of Kaechele by setting forth the basis for its decision. Herman at 13.
Given that the trial court failed to provide sufficient written findings of fact to justify its award, we are precluded from conducting a meaningful review of the court's decision in the case. Catron v. Catron
(Dec. 19, 1997), Trumbull App. No. 96-T-5609, unreported, at 6, 1997 WL 799507. As a result, appellant's assignment of error is not yet ripe for review and is, therefore, premature. The judgment of the trial court is reversed, and the matter is remanded for further proceedings consistent with this opinion.
 ____________________________ JUDGE WILLIAM M. O'NEILL
CHRISTLEY, J., dissents with Dissenting Opinion, NADER, J., concurs.
[1] Parenthetically, we would like to note that simply becauseappellant can no longer safely drive does not mean that he loses ownershipover his automobile.