I agree with the concept that a trial court that allocates property "must indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law[.]" Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, paragraph two of the syllabus. However, unlike the majority, I believe that, in this matter, the trial court complied with this directive. As a result, I respectfully dissent from the opinion of the majority in this matter concerning the sufficiency of the judgment entry as it relates to appellant's first argument under his sole assignment of error.
In the case at bar, it is perfectly clear, although painfully brief, that the reason the trial court awarded appellee $6,318 was twofold. First, appellant left her with the household bills after leaving the marital residence. Second, appellant had received additional monies in his black lung pension by virtue of his married state, despite the fact that he maintained a separate residence almost from the beginning of the marriage.
The judgment entry very clearly points to the $6,318 award as the additional marital supplement, which appellant received by virtue of being married to appellee. As a result, although sparse, the court provided an explicit factual explanation and clear reason as to why it made the award which it did. The fact that it does not mention other factors which appellant believes were important and apparently raised during trial is irrelevant. Kaechele does not require a trial court to give a rote recitation of the evidence and then explain why it did or did not consider every evidential issue raised. It is sufficient that the court state the essential factual basis for its decision.
Having said that, however, I do agree with the majority with respect to its treatment of the automobile. The trial court did not provide any reason in its judgment entry to justify awarding appellant's vehicle to appellee as part of the divorce. Thus, while I would reverse the trial court's decision, I would do so only as to that specific issue.