OPINION
Appellant Robert Heslep appeals the decision of the Monroe County Common Pleas Court, Domestic Relations Division, entered in favor of appellee Sharon Heslep after this court remanded on the issue of property division. On remand, we asked the trial court to provide written findings to justify the division of marital property, specifically to determine what portion of the marital residence was marital property. Rather than make findings regarding the residence needed to support any division, the court reallocated appellant's 401K, giving appellee one half of this plan that court had previously awarded to appellant. For the following reasons, the August 11, 2000 judgment of the trial court is reversed and this cause is remanded again for the trial court to follow the previous instructions of this court.
 STATEMENT OF THE CASE
The parties were divorced pursuant to the trial court's June 25, 1999 judgment entry. In this entry, the court divided marital property. For instance, the court divided appellant's Ormet retirement and the parties' greenhouse business equally. The court divided appellant's AEP retirement proportionately to the years worked during marriage versus the years worked prior to the marriage. The court distributed various minor bank accounts in a fairly evenly manner. Appellant was awarded property worth $49,000, the contents of the structures on this property, various garage items, a 401K worth $64,472.64 and an annuity worth $25,031.52. Appellee was awarded a house worth $73,000 and its contents.
From this judgment entry, cross-appeals were filed in this court. The argument set forth by appellee that is relevant to this appeal was that the property division was inequitable. From reading her trial brief, we glean that appellee desired $35,358 from appellant's 401K. Conversely, appellant's trial brief argued that he should receive his entire 401K because appellee was receiving the house which he purchased prior to the marriage and in which appellee's share of the equity from payments and improvements made during the marriage was just over $11,000.
In considering the case on appeal, this court stated that we could not determine whether the property division was equitable. Heslep v. Heslep
(June 19, 2000), Monroe App. No. 825, unreported. We stated that reversal was required so that the trial court could provide sufficient written findings to justify the division. Id., citing R.C. 3105.171(G) andKaechele v. Kaechele (1988), 35 Ohio St.3d 93. We stated that the court failed to determine what portion of the house valued at $73,000 was marital property and what portion was appellant's separate property. We noted the importance of making determinations regarding passive versus active appreciation. We concluded that we were unable to determine whether the entire distributive award was equitable without a valuation and characterization of the equity in the house. We remanded "so the trial court may establish the appropriate values and justify its division of marital property." We also advised the trial court to provide written findings which unequivocally demonstrate that the property division is equitable, if not equal, and illustrate that it considered the factors set forth in R.C. 3105.171(F).
On August 11, 2000, the trial court released a judgment entry which changed the allocation of marital property. The court noted that we instructed it to provide written findings and illustrate the consideration of the statutory factors. The court then stated that in an effort to achieve a more equitable distribution of marital assets, the 401K would be divided equally. The division of the remainder of the property was to remain divided as previously ordered. The court did not mention the value that it attributed to the marital portion of the house. The within timely appeal followed.
 ASSIGNMENT OF ERROR
Appellant's sole assignment of error provides:
 "TRIAL COURT FAILED TO FOLLOW INSTRUCTIONS OF APPELLATE COURT IN MAKING AN EQUITABLE DETERMINATION."
Appellant argues that the original decision of the trial court, awarding him his entire 401K, was fair and equitable considering that the house received by appellee was mostly his separate property. This is why we originally remanded, because we could not determine whether the division was equitable in the absence of a determination by the trial court as to what portion of the house was separate property of appellant and what portion was marital property. As aforementioned, we specifically asked the trial court to establish the appropriate values on separate and marital property regarding the house after characterizing the appreciation on the house's value. The court did not do so. Accordingly, this assignment of error partially has merit; however, we are unable to address the specific argument that appellant is entitled to retain his entire 401K.
In rebuttal, appellee sets forth some arguments concerning what portion of the house is marital property and why the division is equitable. However, this was the decision we asked the trial court to make and explain. Appellee contends that appellant cannot complain now because he failed to offer evidence on remand to support the valuations. However, our remand was an order to the trial court to make a determination from the previous evidence presented to it and set forth findings to support it.
We note that at the original hearing, the parties agreed that the house had recently been appraised at $73,000. The house is a two story brick house built more than 98 years ago on .555 acres with more than 1,500 square feet of living space plus a basement. (See Appraisal). Both parties testified that appellant bought the house from his grandmother for $20,000 in 1980, three years before the parties' marriage. Both parties testified that approximately $22,000 was expended on the house during the marriage in improvements and payments thereon. Appellant argued that the marital portion of the house was represented by the approximately $22,000 expended during marriage. He opined that the difference between the purchase price and the appraisal value was due to the fact that his grandmother gave him a good deal on her house which was worth much more than the $20,000 he paid.
Appellee testified that she did not know what the value of the house was when appellant bought it or if appellant's grandmother charged him less than market value as a gift. However, she asked the court to value the marital portion of the house at $53,000, which is the appraised value minus what she testified appellant paid for the house. She opined that the only reason the house increased in value from the time appellant bought it until the time of the appraisal was due to the $22,000 expended on the house during the marriage.
The court had some evidence before it to make a determination. If the court found that appellant previously set forth insufficient evidence that as much of the house was his separate property as he claimed, then it should have so stated. We cannot make credibility determinations on whether appellant's grandmother sold him the house for substantially less than what it was worth. It is not for us to opine whether part of the increased value was due to passive appreciation. It is for the trial court to value the marital portion of the house. Without this valuation, we cannot accurately review whether the property division was equitable.
For the foregoing reasons, the August 11, 2000 judgment of the trial court is hereby reversed and this cause is remanded with orders that the trial court read our prior opinion of June 19, 2000 and follow the instructions specifically set forth therein.
 ______________ VUKOVICH, P.J.
Donofrio, J., concurs.
DeGenaro, J., concurs.