OPINION
Defendant, James C. Kelly, appeals from a final judgment and decree terminating his marriage to Plaintiff, Nicole D. Kelly.
James[1] and Nicole were married on May 13, 1995. They later separated, and on September 13, 1999, Nicole filed a complaint for divorce. The court referred the proceeding to its magistrate for trial.
The magistrate heard evidence and arguments on September 19, 2000. One month later, on November 21, 2000, the magistrate entered a decision.
The magistrate required James to pay spousal support to Nicole at the rate of $100 per week for a period of one year, commencing December 30, 1999. The magistrate also divided the parties' interests in James' 401(K) savings account according to its value as of the same date, December 30, 1999. The magistrate further divided the parties' interests in James' retirement account, but according to its value as of a different date, November 21, 2000, the date the magistrate's decision was entered.
James filed objections to the magistrate's decision. On January 22, 2001, approximately two months after the magistrate's decision was entered, the court modified the magistrate's decision to provide "that spousal support begins at the date of the final hearing, which is September 19, 2000." The court then adopted the decision as modified, and ordered the parties divorced.
James filed a timely notice of appeal. He presents two assignments of error.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ABUSED ITS DISCRETION BY EXTENDING THE TERMINATION DATE OF SPOUSAL SUPPORT FROM DECEMBER 30, 2000, TO SEPTEMBER 19, 2001.
The parties agreed that James would pay spousal support at the rate of $100 per week for a period of one year. A principal purpose of that support was to assist Nicole in bearing the expense of continuing COBRA insurance coverage for herself under James' employer-sponsored health care plan.
Nicole's need for COBRA coverage began when her marriage to James was terminated. That occurred on January 22, 2001, when the court entered its judgment and decree of divorce. The magistrate ordered spousal support commenced on December 30, 1999, and to continue for one year.
The support the magistrate ordered would terminate on December 30, 2000. Nicole's need for COBRA coverage had not by then commenced, because the divorce decree only issued three weeks later. It would not have been appropriate to order support for a term of that duration, at least in relation to the particular need for support involved. The date the court selected better conforms to the need to be served.
James has not argued how he was prejudiced by the court's modification. The duration and amount of his support obligation remain the same. James suggests that the court abused its discretion by choosing a date different than one to which the parties may have agreed. However, the court was not bound by their agreement.
The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING, FOR PURPOSES OF DIVIDING DEFENDANT'S PENSION AND RETIREMENT ACCOUNTS, THAT THE MARRIAGE OF THE PARTIES EXISTED FROM MAY 1, 1995 UNTIL NOVEMBER 21, 2000.
 James owns a 401(K) savings account and an employer-sponsoredretirement plan. Some or all of the value of each are marital propertythe court was required to divide. In order to determine those values,the parties stipulated that the court could deduct the values of theplans on May 1, 1999, when they were married, from the values of thoseplans as of a later date to be chosen by the magistrate. The magistratestated that he would indicate a reason for arriving at the date he chose.
 The magistrate chose the date of his decision, November 21, 2000, asthe relevant date on which to value the retirement plan. The magistratechose December 30, 1999, as the relevant date on which to value the401(K) savings plan. The magistrate stated, with respect to that latterdate: "The court finds that the marriage had ended with respect to allmatters other than the processing of legal argument and paperwork at thatdate."
 Marital property is property acquired by either party during themarriage not classified as separate property. The term "during themarriage" means the period from the date of the marriage through the dateof the final hearing or, if the court finds these dates would beinequitable, the date selected by the court which it considersequitable. R.C. 3105.171(A)(2).
 Ordinarily, the same date is used to arrive at a value of maritalassets for purposes of division, under either alternative for which R.C.3105.171(A)(2) provides. It is unclear why the magistrate employed onedate for division of James' 401(K) account and a different date fordivision of his retirement account. Some prior agreement of the partiesto that effect is suggested, but it's unclear what the agreement was.It's possible that different dates were selected to arrive at someequitable division, but whether that was the magistrate's purpose is alsounclear. Neither is it clear that James' objection to the magistrate'sdecision even raised the claim, though it is clear that the trial courtdid not expressly address the objection in its decision.
 In allocating property between the parties to a divorce and in making an award of sustenance alimony, the trial court must indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law.
Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, paragraph two of theSyllabus. When the trial court fails to do that, the appellate courtshould reverse the particular property division order concerned andremand for further proceedings on the issue involved. Id. The trialcourt must then indicate the basis for its award, if the same or asimilar award is made.
 We cannot determine why the trial court employed two different datesfor performing the same basic task in this instance. Therefore, wecannot determine whether the respective awards of James' 401(K) savingsplan and his retirement plan are fair and equitable. The division orderedwill be reversed and vacated, and the case will be remanded for furtherproceedings on the issues involved. If the court selects two differentdates, or dates different from the date of the final hearing before themagistrate, November 19, 2000, for that purpose, the court should stateits reasons for so doing.
 The second assignment of error is sustained.
 Conclusion Having sustained the second assignment of error, we will reverse inpart and affirm in part the order from which this appeal was taken, andremand for further proceedings not inconsistent with this opinion.
WOLFF, P.J. and FAIN, J., concur.
[1] For clarity and convenience, the parties are identified bytheir first names.