OPINION
{¶ 1} Defendant-appellant Richard D. Stokes, Jr. appeals from the final decree of divorce entered in the Belmont County Common Pleas Court. The issues before us concern the court's order that appellant pay spousal support by paying a second mortgage on the marital residence and the court's failure to reserve jurisdiction to modify spousal support. For the following reasons, we find that the double-labeling portion of the judgment must be modified as the court was not permitted to re-label a debt that had already been allocated to Richard in the property division as spousal support.
 STATEMENT OF THE CASE {¶ 2} Richard married plaintiff-appellee Suzanne Stokes (nka Smith) in May 1994. Suzanne filed for divorce in April 1998. The parties had no children together. The case was tried on September 28, 1998, and each party testified at trial. On December 2, 1998, the court issued an opinion with its holdings but which instructed Suzanne's counsel to draft a final divorce decree for filing by the court. Richard hired new counsel who asked the court to delay filing the final decree until it heard their motion for reconsideration. The court agreed to wait and hear arguments.
 {¶ 3} On April 2, 1999, the court overruled the motion for reconsideration; however, it corrected a portion of its prior decision dealing with two cars worth a total of $2,000. The court again instructed Suzanne's counsel to submit a final divorce decree. On April 13, 1999, the final decree of divorce was filed. Richard filed notice of appeal on May 7, 1999. This court dismissed the appeal for want of prosecution but reinstated it in December 2001 due to procedural irregularities which may have contributed to our original dismissal.
 ASSIGNMENT OF ERROR NUMBER TWO {¶ 4} Richard's second of assignment of error, which shall be addressed first, provides:
 {¶ 5} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AND ABUSED ITS DISCRETION BY FAILING TO CONSIDER EQUALLY ALL RELEVANT FACTORS LISTED IN R.C. 3105.18 IN DETERMINING THE AMOUNT AND DURATION OF SPOUSAL SUPPORT ORDERED."
 {¶ 6} The trial court divided the marital property and debts. In doing so, the court awarded the marital residence to Suzanne. The court found it was worth $50,000 with $9,650 representing Suzanne's separate property due to premarital payments. The court noted that there existed no marital equity because of the two mortgages on the house. The court allocated the first mortgage in the amount of $21,332 to Suzanne and allocated the second mortgage in the amount of $20,294 to Richard. After allocating the property and debt, the trial court stated that spousal support would be awarded to Suzanne in the form of Richard paying the second mortgage. Thus, the court allocated the debt to Richard in the property division and also categorized it as being spousal support, apparently so that it could not be discharged in bankruptcy.
 {¶ 7} In determining whether spousal support is appropriate and reasonable, the court shall consider the following factors: (a) income; (b) earning abilities; (c) ages and conditions; (d) retirement benefits; (e) duration of marriage; (f) whether any spouse should not work due to a minor child of the marriage; (g) standard of living; (h) education; (i) assets and liabilities; (j) contributions of each party to the education, training, or earning ability of the other party; (k) time and expense for movant to acquire education, training or job experience; (l) tax consequences; (m) lost income production capacity from marital responsibilities; and (n) any other factor that the court finds to be relevant and equitable. R.C. 3105.18(C)(1).
 {¶ 8} Here, the court found that Suzanne has a steady income, while Richard's income will be based on the eventual or potential success of his business. In reviewing the earning abilities, the court found that each are able to support themselves. The court noted the short duration of the marriage, four years. The court found that both parties will maintain the same standard of living after the marriage. The court did not note, but testimony established, that Suzanne was 36 years of age and made $7.50 per hour working forty hours per week as a nursing assistant in a hospital. Her financial affidavit states that she makes $14,600 annually.
 {¶ 9} This affidavit also estimated that Richard makes $20,000 per year. According to the testimony, prior to marriage, Richard was a seasonal worker. He typically made approximately $12,000 per year from the employer during the weeks he worked and then approximately $300 per week for twenty-six weeks of unemployment. In 1995, one year after marriage, he did not return to the seasonal job at the beginning of the new season. Instead, he turned his skill at automobile body repair work into his business. The only tax return identified on the record was for 1997 and showed gross receipts of $21,551 with an ultimate loss for the year. He testified that his current average gross receipts are between $1,200 and $1,600 per month.
 {¶ 10} The court opined that spousal support was justified because of Suzanne's "financial contribution to defendant's earning ability by providing defendant the capability to accumulate tools and machinery for his newly formed business which began one year after the marriage and after defendant chose not to return to full time employment * * *." This statement is based on Suzanne's testimony that between $5,000 and $6,000 was used from the 1996 second mortgage to purchase tools for Richard's business. Richard believed the figure to be more in the $2,500 range. Part of the second mortgage was also used to pay for $10,000 (or more) worth of credit card debt that Richard brought into the marriage (which he claims he spent on their living expenses while they lived together prior to marriage).
 {¶ 11} The parties were only married for four years and had no children. As aforementioned, the trial court noted many other factors that lean toward no award of spousal support. The tools purchased during the marriage were marital property and constituted part of the property division. Once the court allocated the debt (used to pay off these tools and Richard's premarital debt) to Richard, the rationale of financial contribution no longer existed in the spousal support arena. Regardless of the propriety of spousal support in general, this debt cannot be labeled spousal support from the start.
 {¶ 12} Basically, the trial court categorized the same debt it had just allocated to Richard as spousal support for Suzanne. If it were true spousal support, then it would not be a debt previously allocated to him with interest payable on it. Although courts sometimes order a joint debt to be paid by one spouse as spousal support, here the joint debt was allocated to Richard in the property division. (Note that even when courts describe something like this as spousal support, it is the federal courts that have the authority to actually determine whether something is support or property division in a bankruptcy case. In re Calhoun (C.A. 6 1983), 715 F.2d 1103.) Logically, it does not appear that the label of spousal support can be placed upon a payment that the obligor has just been designated as being solely responsible for anyway.
 {¶ 13} A court should not place a spousal support label on something merely for the sake of avoiding the effects of a potential bankruptcy. A reasonable and appropriate amount must be arrived at after consideration of the relevant statutory factors. R.C. 3105.18(C)(1). No one factor may be used in isolation. See, e.g., Kaechele v. Kaechele
(1988), 35 Ohio St.3d 93, 96. Moreover, this was a four year marriage and it is possible the spousal support obligation of $20,294 payable in monthly installments of $200 to the bank could last for thirty years, depending on the type and amount of interest and/or the term of the loan. Regardless, property division must be performed prior to consideration of spousal support, and the court had already allocated the debt to Richard in the property division. Thus, payment of this debt should not be considered spousal support.
 {¶ 14} Finally, it is important to note that when Suzanne asked the trial court to allocate the second mortgage to Richard in its order of property division, she specifically stated that she did not desire spousal support if the court granted her wish to allocate the second mortgage to Richard.
 {¶ 15} It appears to this court that the trial court's decision labeling this previously allocated debt as spousal support was an abuse of discretion. Hence, the trial court's order regarding spousal support is overturned and modified to the extent that the spousal support label is removed from the debt. However, the debt remains allocated to appellant pursuant to the trial court's property division which was not appealed.
ASSIGNMENT OF ERROR NUMBER ONE
 {¶ 16} Richard's first assignment of error contends:
 {¶ 17} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AND ABUSED ITS DISCRETION IN FAILING TO RESERVE JURISDICTION TO MODIFY SPOUSAL SUPPORT."
 {¶ 18} Due to our resolution of Richard's second assignment of error, this assignment of error is moot. Specifically, because we removed the spousal support label from a debt previously allocated to the obligor, there is no longer an issue concerning reservation of jurisdiction.
 {¶ 19} For the foregoing reasons, the judgment of the trial court is hereby modified so that the label of spousal support is removed from the debt that had already been allocated to appellant in the property division. As such, although the debt remains allocated to appellant pursuant to the division of property, there is no remaining order of spousal support.
Waite, J., concurs.
DeGenaro, J., concurs.