DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal is from the December 21, 2001 judgment of the Sandusky County Court of Common Pleas which awarded the parties a divorce, divided the marital assets and liabilities, and determined the amount of spousal support appellant, Peter Cantu, is to pay to appellee, Sue Ann Cantu. Finding that the trial court properly considered the factors of R.C. 3105.18(C)(1), we affirm the decision of the lower court. Appellant asserts the following assignment of error on appeal:
 {¶ 2} "The trial court erred in granting spousal support in the amount and for the duration that said spousal support was ordered in this case and in failing to retain jurisdiction to modify the order."
 {¶ 3} Appellee filed for divorce on March 11, 1999. The parties reached a settlement agreement regarding the division of the marital assets and liabilities. Only the issue of spousal support was submitted to the court. The court determined that appellee was entitled to spousal support of $1,000 per month for seven and one-half years, with credit of one and one-half years being given for the temporary support appellant previously paid.
 {¶ 4} On appeal, appellant contends that the trial court did not properly consider the factors for awarding spousal support or delineate these factors in its judgment. While appellant's assignment of error also includes an argument that the court failed to retain jurisdiction over the spousal support order, he fails to support this argument in his brief and the trial court clearly stated in its judgment that it retained jurisdiction over this issue.
 {¶ 5} When determining whether to award spousal support, the court must consider the factors listed in R.C. 3105.18(C)(1)[1]. The court must state its decision with sufficient detail that an appellate court can review the judgment to determine whether the court complied with the statutory requirements and whether it abused its discretion. Kaechele v.Kaechele (1988), 35 Ohio St.3d 93, at paragraph two of the syllabus, Arnv. Arn, 9th Dist. No. 21078, 2003-Ohio-3794, at ¶ 24; and Leady v.Leady (Aug. 31, 2001), 6th Dist. No. F-00-027, at 7.
 {¶ 6} In the December 21, 2001 judgment, the court stated that it considered the factors of R.C. 3105.18 but did not specifically address them. However, in its November 19, 2001 decision, the court specifically addressed the income of the parties, their ages, their retirement benefits, the duration of the marriage, their assets and liabilities, and their expenses. While the court did not address every factor listed in the statute, we find that it did address the issues pertinent to these parties so that this court could review the award. Appellant's sole assignment of error is not well-taken.
 {¶ 7} Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Sandusky Court of Common Pleas, Domestic Relations Division, is affirmed. Pursuant to App.R. 24, appellant is hereby ordered to pay the court costs incurred on appeal.
 JUDGMENT AFFIRMED.
[1] R.C. 3105.18(C)(1) provides that the trial court shall consider the following factors when making an award of spousal support:
 "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 [3105.17.1] of the Revised Code;
"(b) The relative earning abilities of the parties;
 "(c) The ages and the physical, mental, and emotional conditions of the parties;
"(d) The retirement benefits of the parties;
"(e) The duration of the marriage;
 "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 "(g) The standard of living of the parties established during the marriage;
"(h) The relative extent of education of the parties;
 "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 "(l) The tax consequences, for each party, of an award of spousal support;
 "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 "(n) Any other factor that the court expressly finds to be relevant and equitable."