OPINION
{¶ 1} Defendant-appellant Jeffrey A. Brent appeals the July 14, 2005 Judgment Decree of Divorce entered in the Licking County Court of Common Pleas, Domestic Relations Division, in favor of plaintiff-appellee F. Anita Brent.
 STATEMENT OF THE CASE AND FACTS {¶ 2} The parties were married on June 26, 1981, and one emancipated child was born as issue of the marriage. On November 15, 2004, appellee filed a compliant for divorce. The matter went to trial on June 30, 2005. The trial court filed its Judgment Decree of Divorce on July 14, 2005.
 {¶ 3} The trial court's Judgment Decree specifically finds appellant engaged in financial misconduct as a result of a serious gambling habit. The Court further finds a distributive award necessary due to appellant's dissipation of assets. However, the trial court did not make specific findings relative to the valuation of the assets, or valuation of the debts assigned to the parties.
 {¶ 4} Appellant assigns as error:
 {¶ 5} "I. THE TRIAL COURT ERRED IN MAKING AN EQUITABLE DIVISION OF MARITAL ASSETS.
 {¶ 6} "II. THE TRIAL COURT ERRED IN FAILING TO PROVIDE SUFFICIENT DETAIL AND FACTUAL FINDINGS TO SUPPORT ITS DIVISION OF PROPERTY DETERMINATION."
 II {¶ 7} We begin our discussion by addressing appellant's second assignment of error.
 {¶ 8} We note appellee's argument appellant failed to comply with App. R. 9 by not filing a full transcript of the proceedings in this matter. However, we find a transcript is not necessary for our analysis or disposition of this assignment of error.
 {¶ 9} Appellant argues the trial court erred in failing to provide sufficient detail and findings to support its division of the marital property; specifically, appellant notes the absence of any monetary valuation of assets and/or debts.
 {¶ 10} R.C. 3105.171 governs the division of marital property, providing, in pertinent part:
 {¶ 11} "(C)(1) Except as provided in this division or division (E) of this section, the division of marital property shall be equal. If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable. In making a division of marital property, the court shall consider all relevant factors, including those set forth in division (F) of this section.
 {¶ 12} * * *
 {¶ 13} "(E)(1) The court may make a distributive award to facilitate, effectuate, or supplement a division of marital property. The court may require any distributive award to be secured by a lien on the payor's specific marital property or separate property.
 {¶ 14} * * *
 {¶ 15} "(3) If a spouse has engaged in financial misconduct, including, but not limited to, the dissipation, destruction, concealment, or fraudulent disposition of assets, the court may compensate the offended spouse with a distributive award or with a greater award of marital property.
 {¶ 16} * * *
 {¶ 17} "(G) In any order for the division or disbursement of property or a distributive award made pursuant to this section, the court shall make written findings of fact that support the determination that the marital property has been equitably divided and shall specify the dates it used in determining the meaning of "during the marriage."
 {¶ 18} In Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, the Ohio Supreme Court held:
 {¶ 19} "In allocating property between the parties to a divorce and in making an award of sustenance alimony, the trial court must indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law."
 {¶ 20} Recently, this Court, in reviewing an unequal division of marital property determined the explanation of the trial court must be sufficiently clear to enable the reviewing court to follow the monetary explanation. Kirkpatrick v. Kirkpatrick
(December 2, 2002), Licking App. No. 02-CA-14.
 {¶ 21} In the case sub judice, the trial court specifically determined appellant engaged in financial misconduct and dissipation of the marital assets, including credit card debt in excess of $70,000, encumbrance of a vehicle and dissipation of over $30,000 from a joint savings account. However, the trial court failed to make specific findings as to the value of the assets or debt liabilities sufficient to enable this Court to determine whether the award was fair, equitable and in accordance with the law, even given appellant's financial misconduct.
 {¶ 22} Accordingly, we sustain appellant's second assignment of error.
 I {¶ 23} Given our disposition of appellant's second assignment of error, we find any discussion of appellant's first assignment of error premature.
 {¶ 24} The July 14, 2005 Judgment Decree of Divorce in the Licking County Court of Common Pleas is reversed and this matter remanded for further proceedings in accordance with the law and this opinion.
Hoffman, J., Wise, P.J. and Gwin, J. concur.
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas is reversed and this matter is remanded for further proceedings in accordance with the law and our opinion. Costs to appellee.