DECISION AND JUDGMENT ENTRY
This is an appeal from a Washington County Common Pleas Court judgment that, inter alia, granted a divorce and divided marital property. John A. Samples, defendant below and appellant herein, raises the following assignments of error for review:
FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN FAILING TO MAKE REQUESTED FINDINGS OF FACT AND CONCLUSIONS OF LAW CONCERNING THE UNEQUAL DIVISION OF MARITAL PROPERTY."
SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT'S UNEQUAL AND INEQUITABLE, [SIC] DIVISION OF MARITAL PROPERTY CONSTITUTED AN ABUSE OF DISCRETION, AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
On December 8, 1990, the parties married. No children were born as issue of the marriage.
On June 28, 2000, Terry Lee Samples, plaintiff below and appellee herein, filed a complaint for divorce. Following a hearing regarding appellee's complaint for divorce, the trial court, on February 13, 2001, filed a "decision" that granted the parties a divorce. The trial court determined that parties would keep the personal property currently in their possession and that appellee would keep the 2000 Plymouth Neon titled in appellee's name. The trial court further ordered appellant to continue to pay the monthly loan payment on the Neon.
On February 15, 2001, appellant filed a request for findings of fact and conclusions of law. On March 2, 2000, the trial court denied appellant's request stating that its February 13, 2000 decision contained sufficient findings of fact and conclusions of law.
On April 23, 2001, the trial court entered final judgment and granted the parties a divorce. Appellant filed a timely notice of appeal.
In his first assignment of error, appellant asserts that the trial court failed to issue sufficient findings of fact and conclusions of law. Appellant asserts that the trial court failed to set forth any reason as to why it assigned the debt owed on the Neon to appellant. We agree with appellant that in the case sub judice the trial court failed to adequately set forth sufficient findings of fact and conclusions of law.
Although a trial court enjoys broad discretion when dividing marital property, such discretion is not unbridled. Manemann v. Manemann (Apr. 20, 2001), Clark App. No. 2000 CA 76, unreported (citing Heslep v.Heslep (June 14, 2000), Monroe App. No. 825, unreported). In exercising its discretion, a trial court must adhere to the statutory guidelines.[2]
Thus, a trial court abuses its discretion if it fails to consider the appropriate statutory guidelines. See Manemann v. Manemann (Apr. 20, 2001), Clark App. No. 2000 CA 76, unreported; King v. King (Mar. 20, 2000), Adams App. No. 99 CA 680, unreported.
Moreover, when allocating property between parties, a trial court must indicate the basis for its decision in sufficient detail to enable a reviewing court to determine that the decision is fair, equitable and in accordance with law. See, e.g., R.C. 3105.171(G); Kaechele v. Kaechele
(1988), 35 Ohio St.3d 93, 518 N.E.2d 1197, paragraph two of the syllabus; Szerlip v. Szerlip (1998), 129 Ohio App.3d 506, 512,718 N.E.2d 473; Manemann v. Manemann (Apr. 20, 2001), Clark App. No. 2000 CA 76, unreported.
When a court divides marital property, the trial court must "consider all relevant factors, including those set forth in [R.C. 3105.171(F)." R.C. 3105.171(C)(1).[3] A trial court abuses its discretion if the court fails to consider the factors set forth in R.C. 3105.171(F).[4]
See Manemann; King.
 "Although the trial court does not need to exhaustively itemize every R.C. 3105.171(F) factor, the court's decision must contain a clear indication that the statutory factors were considered before the division of property was made."
Manemann.
Once the court determines how to divide the property, R.C. 3105.171(G) requires the court to issue written findings of fact to support its determination that the marital property has been equitably divided.[5]
In the case at bar, we find that neither the trial court's February 13, 2001 decision nor the hearing transcript reveals that the trial court considered the statutory factors set forth in R.C. 3105.171. In particular, we find no expressed reason or rationale why the trial court assigned to appellant the debt owing on the Neon. We note, however, that our decision should not be construed as a comment on the underlying merits of this issue. Rather, our decision is based solely upon the various statutory requirements.
Accordingly, based upon the foregoing reasons, we sustain appellant's first assignment of error. We therefore reverse the trial court's decision and remand for further proceedings consistent with this opinion. Additionally, we find, in light of our disposition of appellant's first assignment of error, that appellant's second assignment of error has been rendered moot.
JUDGMENT REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITHTHIS OPINION.
 JUDGMENT ENTRY
It is ordered that the judgment be reversed and remanded for further proceedings consistent with this opinion. Appellant shall recover of appellee the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J. Evans, J.: Concur in Judgment Opinion
[2] For example, R.C. 3105.171(B) requires a trial court to determine what constitutes marital property and what constitutes separate property. The statute provides:
 In divorce proceedings, the court shall, and in legal separation proceedings upon the request of either spouse, the court may, determine what constitutes marital property and what constitutes separate property. In either case, upon making such a determination, the court shall divide the marital and separate property equitably between the spouses, in accordance with this section * * * *
[3] R.C. 3105.171(C)(1) provides:
 Except as provided in this division or division (E) of this section, the division of marital property shall be equal. If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable. In making a division of marital property, the court shall consider all relevant factors, including those set forth in division (F) of this section.
[4] R.C. 3105.171(F) provides:
 In making a division of marital property and in determining whether to make and the amount of any distributive award under this section, the court shall consider all of the following factors:
(1) The duration of the marriage;
(2) The assets and liabilities of the spouses;
 (3) The desirability of awarding the family home, or the right to reside in the family home for reasonable periods of time, to the spouse with custody of the children of the marriage;
(4) The liquidity of the property to be distributed;
 (5) The economic desirability of retaining intact an asset or an interest in an asset;
 (6) The tax consequences of the property division upon the respective awards to be made to each spouse;
 (7) The costs of sale, if it is necessary that an asset be sold to effectuate an equitable distribution of property;
 (8) Any division or disbursement of property made in a separation agreement that was voluntarily entered into by the spouses;
 (9) Any other factor that the court expressly finds to be relevant and equitable.
[5] R.C. 3105.171(G) provides:
 In any order for the division or disbursement of property or a distributive award made pursuant to this section, the court shall make written findings of fact that support the determination that the marital property has been equitably divided and shall specify the dates it used in determining the meaning of "during the marriage."