DECISION AND JUDGMENT ENTRY
This appeal is from the May 14, 2001 judgment of the Wood County Court of Common Pleas, Domestic Relations Division, which granted the parties a divorce and divided the marital assets and liabilities. Upon consideration of the assignments of error, we affirm the decision of the lower court. Appellant, Michael Carpenter, asserts the following assignments of error on appeal:
 "I. IT WAS AN ABUSE OF DISCRETION FOR THE TRIAL COURT JUDGE TO SUBSTANTIALLY MODIFY THE TRIAL MAGISTRATE'S DECISION BY MARKEDLY INCREASING THE MARITAL INTEREST OF APPELLEE/WIFE IN FARM EQUIPMENT WITHOUT A FINDING OF FACT AND/OR SOLICITING NEW TESTIMONY TO SUBSTANTIATE ORAL REPRESENTATIONS MADE BY NEW COUNSEL FOR APPELLEE.
 "II. THE TRIAL COURT'S DIVISION OF FARM EQUIPMENT AND ITS CHARACTERIZATION OF IT BEING MARITAL PROPERTY IGNORED TESTIMONY OF THE NON-MARITAL AND PRE-MARITAL CHARACTERISTIC OF THE EQUIPMENT AND WAS CONTRA TO LAW."
The following evidence was presented in this case. The parties were married in 1992 and filed for divorce in 1999. At the time of the marriage, appellant farmed in Ohio and Minnesota. After the marriage, appellee helped with the farming business while working full time. When the couple was married, they consolidated appellant's outstanding farm-related loans and traded appellant's equity in a farm in Minnesota for his father's farm equipment. Appellant also had purchased farm equipment of his own prior to marriage. Appellant testified as to how each piece of equipment was traded for a newer piece of equipment.
The magistrate found that the value of the farm equipment is $411,864; the net value of the equipment is $396,350; appellant presented sufficient evidence that most of the equipment was non-marital because it was bought prior to marriage and no transmutation occurred because the farming operation supported itself during the time of the marriage; the farming operation currently had operating debt of $336,549.46; at the time of marriage, appellant owned at least $175,000 of equipment, with debt equal to that amount; and that eight specific items of farm equipment listed in exhibit L. are marital property, with a total value of $28,050, less eighty-five percent attributed to debt on that equipment, for a total net value of $4,180 (although fifteen percent of $28,050 is $4,207.50). The eighty-five percent indebtedness was assumed based on an overall debt ratio of eighty-five percent.
Appellee filed objections to the magistrate's report. The trial court modified the magistrate's decision by finding that all of the farm equipment was marital property and that the value of the equipment was $59,800.54.
On appeal, appellant contends that the trial court abused its discretion by modifying the magistrate's decision without making factual findings to support its decision. He also contends that the trial court erred when it determined that all of the farm equipment is marital property.
When allocating property, the trial court must include in its judgment sufficient detail to explain the basis for its award so that the appellate court can determine whether the decision was fair, equitable, and in accordance with the law. R.C. 3105.171(G), which codified the common law as set forth in Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, paragraph two of the syllabus. The courts have created an exception to the statute in cases where the appellate court can determine the trial court's reasoning from the record. Mumma v. Mumma (Mar. 24, 2000), Clark App. No. 99 CA 32, unreported and Thomas v. Thomas (Dec. 31, 1998), Clark App. No. 97 CA 128, unreported. Under R.C. 3105.171(A)(3)(a), "marital property" includes "[a]ll real and personal property that currently is owned by either or both of the spouses, * * * that was acquired by either or both of the spouses during the marriage * * *." It also includes "all income and appreciation on separate property, due to the labor, monetary, or in-kind contribution of either or both of the spouses that occurred during the marriage * * *." Under R.C. 3105.171(A)(6)(a)(ii), "separate property" includes all real and personal property "acquired by one spouse prior to the date of the marriage."
Commingling of separate property no longer automatically destroys its identity as separate property if the source of the asset can be traced back to a separate asset. R.C. 3105.171(A)(6)(b). Premarital farm equipment fully depreciated by the time of the divorce and replaced by new equipment purchased from the farming operation proceeds is marital property. McDonald v, McDonald (Aug. 27, 1998), Highland App. No. 96CA912, unreported.
On appeal, we review the trial court's factual determination of whether property is marital or separate property based on a manifest weight of the evidence standard. Kelly v. Kelly (1996), 111 Ohio App.3d 641, 642, andEberly v. Eberly (June 13, 2001), Henry App. No. 7-01-04, unreported. If the court's decision is supported by competent, credible evidence, we must affirm it on appeal. C.E. Morris Constr. Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus.
In this case, the trial court found that the magistrate's determination that the farm equipment was separate property was erroneous. The court found that all the farm equipment is marital property. It then determined the value of the farm equipment by subtracting from the total value of the farm equipment, excluding the two vehicles, the total debts ($396,350 — $336,549.46) to arrive at a marital value of $59,800.54. Based on the evidence presented in this case, we find that the court's decision contains sufficient information to permit appellate review and that the court's conclusion is supported by competent, credible evidence.
Appellant's first and second assignment of error are not well-taken.
Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Wood County Court of Common Pleas, Domestic Relations Division, is affirmed. Pursuant to App.R. 24, appellant is hereby ordered to pay the court costs incurred on appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
James R. Sherck, J., Mark L. Pietrykowski, P.J., JUDGES CONCUR.