OPINION
The defendant/appellant, Deborah C. Crouso, appeals a judgment entry of divorce from the Union County Court of Common Pleas, Domestic Division. We hereby affirm the judgment of the trial court.
The relevant facts and procedural history are as follows. The parties were married on December 30, 1970. Three children were born as issue of the marriage, all of whom were emancipated at the time divorce was initiated. Although divorce proceedings were not commenced until May 2001, the appellee moved out of the marital home in October of 1999.
The matter came on for hearing before a magistrate in August of 2001. The magistrate announced her decision from the bench on the day of the hearing, granting a divorce to the parties. The appellant timely filed objections to the magistrate's decision. In January 2002, the trial judge filed a journal entry that sustained in part and overruled in part the appellant's objections. The appellant appeals the trial court's journal entry, asserting two assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I The trial court abused its discretion in determining that the duration of the marriage was other than the final trial date, August 7, 2001, and in dividing the Appellee's 401K account on any date other than that which the parties stipulated its value as reflected on a statement for June 2001.
 The appellant argues that the trial court abused its discretion by finding a de facto termination of the marriage prior to the date of the final divorce hearing, and by valuing and diving the appellee's 401K plan on that date. Based on the following, we find the appellant's assertion to be without merit.
For the purpose of valuing and dividing marital property, a marriage traditionally is held to terminate on the date of the final divorce hearing.[1] However, the trial court has discretion to select a date that it considers just where it determines that the date of the final hearing is inequitable and that a de facto termination of the marriage occurred at an earlier time.[2] The determination of whether to use a de facto date rather than the date of the final hearing is within the sound discretion of the trial court and will not be disturbed on appeal absent a showing of abuse of discretion.[3]
In determining the October 1999 de facto date for termination of the parties' marriage, the trial court stated the following: "Plaintiff stated that the parties agreed that he should leave the marital residence; Defendant denied that she agreed with this. After leaving the marital residence, Plaintiff resided for 11 months in an apartment located on West Main Street in Plain City, Ohio and subsequently moved to an apartment on St. Rt. 736 where he resides with his girlfriend. It would be inequitable for the Court to use the date of the final hearing for `during the marriage' purposes due to the length of time the parties have been separated."
The appellant relies on the case of Fisher v. Fisher, wherein we held that a de facto termination of marriage must be clear and bilateral, not unilateral.[4] The appellant argues that there was no clear, bilateral agreement between the parties to terminate the marriage as of October 1999. According to the appellant, the appellee moved out of the marital home unilaterally and, during the separation, they shared a joint account. Furthermore, the appellant suggests that the length of the parties' separation was insufficient to justify the de facto termination date.
We held in Fisher that the trial court did not abuse its discretion by failing to grant de facto termination date. We also noted the trial court's broad discretion with regard to this decision. Furthermore, we acknowledged that in the rare cases where an abuse of discretion was found, the facts indicated a significant time lapse between separation and final hearing.
Applying all of this to the facts in the instant case, we note first that the parties provided conflicting testimony as to whether the appellee's move from the marital residence was the result of a mutual decision. The trial court was in the best position to determine the credibility of each side's testimony regarding this matter. Furthermore, we decline to determine a bright-line rule regarding the length of separation sufficient to warrant a de facto termination date. The trial court did not abuse its discretion in finding that the parties' nearly two year separation, during which time the parties lived completely apart, warranted the determination of a de facto termination date.
Accordingly, the appellant's first assignment of error is not well-taken and is hereby denied.
 ASSIGNMENT OF ERROR NO. II The trial court abused its discretion in refusing to issue a permanent spousal order, in refusing to maintain continuing jurisdiction over the issue of spousal support, in limiting the term of spousal support to a period of three years, in starting the spousal support payments only after sale was closed on the marital home, and in the amount of spousal support ordered.
 The appellant argues that the trial court's decision regarding spousal support constituted an abuse of discretion. We disagree.
An award of spousal support under this statute is discretionary and will be reversed on appeal only for an abuse of that discretion.[5]
This standard applies to equally to determinations regarding the amount, duration, and commencement date of support.[6] An abuse of discretion is more than a mere error of law or judgment; the trial court's attitude must have been unreasonable, unconscionable, or arbitrary.[7] In applying this standard, a reviewing court is not free to substitute its judgment for that of the trial court.
R.C. 3105.18(B) permits a court to award reasonable spousal support, while R.C. 3105.18(C) controls the determination of such support. Although a court's decision to award spousal support is discretionary, trial courts are statutorily mandated to consider the factors enumerated in R.C. 3105.18(C) in arriving at an appropriate decision. The Supreme Court of Ohio has also held that when making an order for spousal support, a trial court must "indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable, and in accordance with the law."[8]
The factors for consideration set forth in R.C. 3105.18(C) are as follows:
"(a) The income of the parties * * *;
"(b) The relative earning abilities of the parties;
 "(c) The ages and the physical, mental, and emotional conditions of the parties;
"(d) The retirement benefits of the parties;
"(e) The duration of the marriage;
 "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 "(g) The standard of living of the parties established during the marriage;
"(h) The relative extent of education of the parties;
 "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 "(l) The tax consequences, for each party, of an award of spousal support;
 "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 "(n) Any other factor that the court expressly finds to be relevant and equitable."
In the instant case, the trial court stated that it had considered all of the factors listed above, then proceeded to list specifically the factors which it found most relevant. The trial court also discussed in detail how many of these factors applied to the case. Specifically, the court noted the appellant's medical problems but then opined that most of them were either temporary or controlled by medication. The court also discussed the parties' relative incomes and the appellant's prospects for gaining better employment in the future. The trial court also emphasized that, pursuant to the divorce settlement, the appellant was awarded $609.54 each month, half of the appellee's police and fire pension. Additionally, she was entitled to half of the proceeds from the sale of the marital residence.
It is apparent from a review of the record that the trial court considered the statutory factors in fashioning a spousal support award that it deemed appropriate and reasonable. Additionally, the court indicated the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable, and in accordance with the law. Because we find no abuse of discretion with regard to the spousal support determination, the appellant's second assignment of error is not well-taken and is hereby denied.
Having found no error prejudicial to the appellant, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
SHAW, P.J., and WALTERS, J., concur.
[1] R.C. 3105.171(A)(2); Eberly v. Eberly (June 13, 2001), Henry App. No. 7-01-04.
[2] R.C. 3105.171(A)(2)(b).
[3] Berish v. Berish (1982), 69 Ohio St.2d 318.
[4] Fisher v. Fisher, Henry App. No. 7-01-12, 2002-Ohio-1297, at ¶ 27, citing Day v. Day (1988), 40 Ohio App.3d 155, 158.
[5] Henderson v. Henderson, Mercer App. No. 10-01-17, 2002-Ohio-2720, at ¶ 12.
[6] See Guenther v. Guenther, Butler App. No. CA2001-04-072, 2002-Ohio-376.
[7] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450.
[8] Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, paragraph one of the syllabus.