OPINION
{¶ 1} Defendant-appellant Wayne B. Henderson ("the appellant"), appeals from a judgment of the Mercer County Court of Common Pleas, Domestic Relations Division, granting a divorce in favor of plaintiff-appellee Kathy M. Henderson ("the appellee"). After reviewing the arguments advanced on appeal, we affirm the decision below.
 {¶ 2} The Hendersons, now of Celina, Ohio, were married on or about May 19, 1979, in Anaheim, California. Two children were born as issue of the marriage. The oldest child is emancipated; the youngest child, a minor, was born December 1, 1986.
 {¶ 3} On January 26, 2001, the appellee filed a divorce complaint alleging that she and the appellant were incompatible as husband and wife. A hearing was held before the magistrate on July 13, 2001. The appellant filed his objections to the magistrate's decision with the trial court. On November 28, 2001, the trial court adopted the magistrate's decision, including its findings of fact and conclusions of law. The appellant appealed that decision, and we found, inter alia, that the trial court failed to evaluate the evidence and provided no details as to how it arrived at a spousal support figure of $500 per month.[1] We reversed and remanded the case to the trial court for further proceedings.
 {¶ 4} On remand, an amended magistrate's decision was issued on August 23, 2002. The appellant filed his objections to the magistrate's decision with the trial court. On January 28, 2003, the trial court, based upon the amended magistrate's decision, ordered the appellant to pay spousal support in the amount of $500 per month. The appellant now appeals asserting one assignment of error for our review.
ASSIGNMENT OF ERROR
 The Trial Court erred in awarding spousal support that is unreasonable and not equitable based on the reasons for the award as set forth by the Trial Court.
 {¶ 5} It is well established by Ohio case law that the trial court is vested with broad discretion in determining the amount of alimony to be awarded to a spouse.[2] Further, a reviewing court must not substitute its judgment for the trial court's in the absence of evidence, considered in its totality, that the trial court abused its discretion.[3]
 {¶ 6} Although a court's decision to award spousal support is discretionary, trial court's are statutorily mandated to consider the factors enumerated in R.C. 3105.18(C) when it decides if a spouse should be awarded support and, if so, the amount to be awarded.[4] Some of the factors to be considered are: the income of the parties; the parties' relative earning abilities; the extent of the parties' education; the assets and liabilities of each party; the time and expense necessary for the spouse seeking support to acquire education, training, or job experience; tax consequences; lost income or production capacity of either party resulting from that party's marital responsibilities; and any other factor that a trial court finds to be relevant and equitable.
 {¶ 7} In the case at bar, the appellee was awarded spousal support in the amount of $500 per month, every month, for a period of five years. The appellant asserts that the trial court's decision to award spousal support was unreasonable.
 {¶ 8} The basis for the award is found in the Amended Magistrate's Decision of August 23, 2002, which reads as follows:
 Plaintiff is employed with an annual income of $17,200.00. Defendant is employed with an annual income of $48,000.00.
 * * *
 The parties have an equal education. Plaintiff has testified that without further education, her income earning ability is limited. Plaintiff has suggested that she wishes to return to school for a better education to improve herself and better provide for herself and the parties' minor child.
 * * *
 Plaintiff was mainly a "stay-at-home" mother during the marriage taking care of the family home and the children while defendant worked earning an income that permitted the parties to have a comfortable standard of living.
 Based on the evidence and a review of all factors of R.C. 3105.18, plaintiff is entitled to an award of spousal support. Plaintiff has a monthly income of between $1,000.00 and $1,200.00 plus child support of $450.00. Expenses for herself and the parties' minor child are approximately $1,900.00. Plaintiff does not have health insurance and this would add another $180.00 per month to her expenses. In addition, returning to school would add to her monthly expenses. She has established a need for spousal support in the amount of $500.00 per month. However, this sum will not be needed once [the minor child] graduates and therefore any award should be limited in length.
 Defendant claims that his monthly expenses exceed his income and he does not have the ability to pay spousal support. However, in his monthly expenses he has included the payment of the real estate which will be the responsibility of plaintiff and has overstated his child support obligation by $81.00 per month. In addition, his testimony on the cost of his furniture is not credible. He states he pays $860.00 per month for the same at one point and then states that this is what his expenses would be in the future. There are numerous other instances of not necessary expenses in his budget. The court finds that the defendant has the ability to pay spousal support.
 {¶ 9} Based upon our review of the trial court's judgment entry, the record in this case, and the factors listed in R.C. 3105.18, we cannot find that the trial court abused its discretion in awarding the appellee $500 a month for spousal support.
 {¶ 10} For the above stated reasons, the appellant's sole assignment of error is overruled and the judgment of the Mercer County Court of Common Pleas is affirmed.
Judgment affirmed.
 WALTERS and SHAW, JJ., concur.
[1] Henderson v. Henderson, Mercer App. No. 10-01-17.
[2] Kunkle v. Kunkle (1990), 51 Ohio St.3d 64; Cherry v. Cherry
(1981), 66 Ohio St.2d 348.
[3] Kunkle, supra.
[4] See Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, paragraph one of the syllabus.