OPINION
{¶ 1} Defendant-appellant Karen Ann White appeals the decision of the Columbiana County Common Pleas Court, Domestic Relations Division, which was entered upon remand from this court with instructions to explain the denial of spousal support in sufficient detail to permit this court to review the propriety of the initial order. The issues before us are whether the trial court sufficiently responded to our remand and whether plaintiff-appellee Mark E. White is required to pay spousal support to appellant. For the following reasons, the decision of the trial court is affirmed.
 STATEMENT OF THE CASE {¶ 2} The parties were married in July 1985. They had three children, one in 1984, one in 1987, and one in 1993. Mr. White filed a complaint for divorce in July 2000. The case was tried on July 19, 2001. The court entered a decree of divorce on August 21, 2001. Custody of the parties' three children was granted to Mr. White. The court refused to award any spousal support to Ms. White reasoning in paragraph 18 as follows:
 {¶ 3} "Having considered all factors set out in Ohio Revised Code § 3105.18 and all other applicable law, the Court feels this is not an appropriate case for the ordering of spousal support. Defendant is physically capable of being employed on a full time basis and has voluntarily chosen not to be so employed. Additionally, Plaintiff is assuming the vast majority of the parties' marital debt in the course of this proceeding. Further, Defendant has been awarded her share of the equity in the marital residence; approximately 50% of the personal property; and 50% of Plaintiff's retirement benefits. In the Court's opinion, there does not exist sufficient assets to order any spousal support."
 {¶ 4} In her appeal to this court in White v. White, 7th Dist. No. 02CO50, 2002-Ohio-5041, Ms. White raised three assignments of error, relating to the lack of spousal support, the distribution of one certain item in the property division, and custody. We overruled the last two assignments of error. As for the first assignment of error concerning the failure to award spousal support, we held that we could not address her claim because the trial court did not set forth its rationale in sufficient detail for us to review the decision. Id. at ¶ 32. We cited Kaechele v. Kaecehle (1988), 35 Ohio St.3d 93, paragraphs one and two of syllabus, which states that the trial court must consider the factors in R.C. 3105.18 when determining spousal support and must explain its decision in enough detail to give a reviewing court a basis for determining that the spousal support decision was fair, equitable, and in accordance with law. Id. at ¶ 10.
 {¶ 5} In reviewing the findings the trial court made in the paragraph set forth supra, we discounted the finding that Ms. White was awarded part of Mr. White's retirement benefits. This court noted that although R.C. 3105.18(C)(1)(d) lists retirement benefits as a factor to consider when determining spousal support, there is no indication she will benefit presently from this distribution. Id. at ¶ 31. We also stated that the fact that Mr. White was assuming more debt almost balanced out when the court assigned him four of the parties' five motorized vehicles. Id. at ¶ 30.
 {¶ 6} This court then opined that the trial court's primary consideration was that Ms. White could obtain employment but voluntarily chose not to work. Id. at ¶ 29. We voiced concern over the lack of explanation on whether this one factor significantly affected the trial court's decision given Ms. White's lack of marketable skills. Id. at ¶ 32. We advised: "Although the trial court may have had more developed reasons for denying Appellant's request for spousal support, it simply is not clear from the record what those reasons might have been." Id. We concluded by reversing paragraph 18 of the court's judgment entry dealing with spousal support and remanding for a redetermination of the request for spousal support and for a more detailed analysis of the factors listed in R.C. 3105.18(C). Id.
 SPOUSAL SUPPORT FACTORS {¶ 7} R.C. 3105.18 provides in pertinent part:
 {¶ 8} "(C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 {¶ 9} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
 {¶ 10} "(b) The relative earning abilities of the parties;
 {¶ 11} "(c) The ages and the physical, mental, and emotional conditions of the parties;
 {¶ 12} "(d) The retirement benefits of the parties;
 {¶ 13} "(e) The duration of the marriage;
 {¶ 14} "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 {¶ 15} "(g) The standard of living of the parties established during the marriage;
 {¶ 16} "(h) The relative extent of education of the parties;
 {¶ 17} "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 {¶ 18} "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 {¶ 19} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 {¶ 20} "(l) The tax consequences, for each party, of an award of spousal support;
 {¶ 21} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 {¶ 22} "(n) Any other factor that the court expressly finds to be relevant and equitable."
 ASSIGNMENT OF ERROR {¶ 23} Appellant's sole assignment of error provides:
 {¶ 24} "The trial court abused its discretion by not awarding the defendant-appellant spousal support. The error is reflected in the record in the opinion and judgment entry dated Nov[.] 14, 2002."
 {¶ 25} The issue presented is as follows: "Should the trial court award spousal support in a 17 year marriage where the husband earns four times as much as the wife?"
 {¶ 26} Besides the text of the assignment of error and the issue presented, the argument set forth in appellant's brief constitutes two sentences. One sentence argues that the trial court failed to respond to our remand. The second sentence asks this court to determine what a reasonable amount of spousal support would be and to remand with orders for the trial court to journalize an amount and duration chosen by this court. There is no recitation of the facts or argument as to which factors lean in her favor. There is no citation to the relevant statutory or case law. We specifically warned Ms. White in the prior appeal by stating, "Appellant has submitted a brief that is neither well researched nor well argued." White at ¶ 8.
 TRIAL COURT'S NEW JUDGMENT {¶ 27} On remand, Ms. White filed new proposed findings of fact and conclusions of law. On November 14, 2002, the trial court released its decision. The court quoted paragraph 18 of its prior judgment, stated that this paragraph embodies the Court's complete determination on the issue of spousal support, and continued to list some additional support for its decision.
 {¶ 28} The trial court found that Ms. White was employed at times during the marriage. The trial court stated that it considered the relative earning abilities, citing R.C. 3105.18(C)(1)(b) and found that an indication of Ms. White's earning ability is reflected by the fact that she was working as a housepainter for $9 at the time the divorce complaint was filed. The trial court reiterated that it is significant and relevant that she voluntarily chose to be unemployed, citing R.C.3105.18(C)(1)(n).
 {¶ 29} The court then noted that it considered the relative assets and liabilities of the parties under R.C. 3105.18(C)(1)(i). The court opined that once Mr. White pays the marital debt allocated to him and satisfies the property settlement awarded to Ms. White, there would exist insufficient assets out of which to pay spousal support and the extent of the debt will require a significant portion of Mr. White's income thus rendering him unable to pay spousal support. The court found this observation was also relevant to R.C. 3105.18(C)(1)(b) as it encompassed the relative earning ability of Mr. White.
 ANALYSIS {¶ 30} The observation that Mr. White, who was ordered to be the residential parent of the parties' three children, must expend significant sums of his income to pay marital debt assigned to him and to pay Ms. White her share of the property division gives this court more insight into the rationale behind the trial court's determination that spousal support was not reasonable or appropriate. It is now a bit clearer that the fact that Ms. White made $9 per hour as a house painter (at the time the divorce complaint was filed) was considered to be closer approximation of her relative earning ability than minimum wage. The court emphasized that her own choice to be unemployed was causing the need to estimate her earning ability.
 {¶ 31} Although a more thorough judgment entry definitely could have been drafted, a trial court need not address every R.C. 3105.18(C)(1) factor to allow for appellate review. Rather, the court must simply indicate the basis for its award in sufficient detail to enable a reviewing court to determine whether the award was fair, equitable, and in accordance with law. Heslep v. Heslep (June 14, 2000), 7th Dist. No. 825. It appears that the prior entry was just at the borderline of containing sufficient information and that the few added thoughts may push the entry just over that borderline. Thus, this court finds that the trial court made a sufficient additional explanation to allow this court to review its decision.
 {¶ 32} We now review the trial court's decision to award no spousal support. An award of spousal support is based upon that which is reasonable and appropriate rather than merely the need of the recipient. Id. A key point to remember is that the issue is not just whether itwould be reasonable and appropriate for the one seeking support toreceive it but also whether it would be reasonable and appropriate forthe other party to have to pay it.
 {¶ 33} The trial court has broad discretion to determine what if any spousal support would be equitable in a particular case. Kunkle v.Kunkle (1990), 51 Ohio St.3d 64, 67. When this court reviews a spousal support determination, we are guided by a presumption that the trial court's findings are correct. This presumption is overcome only if, after considering the totality of the facts and circumstances, an abuse of discretion is discovered. Id.
 {¶ 34} Although in her proposed separation agreement she sought $800 per month in spousal support, Ms. White did not suggest an amount in her original proposed findings and conclusions or those submitted after remand. In fact, in the proposed findings and conclusions submitted after remand where she was given one last chance to make her case for spousal support, she merely set forth a few sentences such as that she is 42 and Mr. White is 43, that both parties have good health and a high school education (although Mr. White testified that he only went as far as eighth grade). She claimed that her earning ability is nothing, even though she was found to be voluntarily unemployed and agreed to impute at least $10,000 as income to herself. She also stated that she has no assets but Mr. White has the house and several vehicles, without mentioning that these assets are heavily financed. In her appellate brief, she sets forth almost no arguments and cites no factors, statute containing these factors, or case law.
 {¶ 35} In responding to the few arguments that are set forth by Ms. White, there are some factual corrections to be made. Firstly, from commencement of the marriage in July 1985 until the date of the end date found to be July 19, 2001 equals sixteen years rather than seventeen years as her issue presented alleges. Secondly, although Ms. White states that Mr. White makes $46,000, the trial court found that he makes $40,830.40 per year. Thirdly, Ms. White urges that she should get spousal support because she is unemployed; however, the trial court found that she was voluntarily unemployed and, for child support purposes, imputed income to her totaling $10,712, which is approximately the minimum wage. In fact, in her original proposed findings of fact and conclusions of law she conceded that at least $10,000 should be imputed to her for child support calculation purposes.
 {¶ 36} It is also important to note that Mr. White was awarded custody of the parties' children; thus, Ms. White did not have the excuse of being a custodial parent for whom it may be inappropriate to work outside the home or for whom full time employment may be inappropriate. The trial court found that with the debt load assigned to Mr. White, he will have to use any income over his expenses to pay down this debt. For instance, within twelve months of the original entry, he must pay Ms. White her share of the $7,000 in equity from the marital home worth $97,000 but which carries $83,000 in debt. He owes $45,000 on various vehicles and was allocated more credit card debt than Ms. White. Additionally, this $7,000 in equity that Ms. White is to receive is a credit to the assets that she will possess and likely a decrease to Mr. White's matching equity in the house as he will have to refinance to pay her (which will also result in closing costs).
 {¶ 37} After considering the foregoing facts and circumstances, this court has determined that the trial court did not abuse its broad discretion in awarding no spousal support to Ms. White. Due to the length of the marriage and the $20,000 to $30,000 disparity in income, this was a very close case. The award of custody of the three children to Mr. White along with other significant factors considered above tilt the scales in favor of upholding the trial court's discretionary decision.
 {¶ 38} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Judgment affirmed.
Waite, P.J., and Donofrio, J., concur.