OPINION
{¶ 1} Defendant, Gail E. Wertz, appeals from the decree of divorce terminating her marriage to Plaintiff, Philip A. Wertz. Gail[1]
presents three assignments of error on appeal.
 FIRST ASSIGNMENT OF ERROR {¶ 2} "The Trial Court Erred By Equally Dividing The Lehman Brothers Simplified Employee Pension Plan Equally As Of March 19, 2002."
 {¶ 3} The parties owned a number of accounts of deposit that the trial court determined were either the marital property of both or the separate property of either Philip or Gail. One of those is an account in Philip's name identified as Lehman Brothers Simplified Employee Pension Plan Account Number 735-01535-11201. The court determined the account to be marital property and ordered the account divided equally between the parties on the basis of its value on March 19, 2002, the date of the final hearing. R.C. 3105.171(A)(2)(a). The court then awarded $5,000 of Philip's one-half share to Gail as her part of $10,000 Philip had withdrawn from the account while the divorce action was pending, in violation of to the court's temporary orders.
 {¶ 4} In addition to the $10,000, Philip made withdrawals from the account to pay temporary spousal support obligations that the court had imposed for Gail's benefit while the divorce action was pending. Gail contends that these additional amounts total $51,572.00, and that as a result the value of the whole account was diminished by that amount, likewise diminishing the value of the one-half share which Gail was awarded in the decree. Gail argues that she is entitled to one-half the additional amounts that Philip withdrew, or $25,786.
 {¶ 5} Philip does not deny that he diminished the value of the account in order to pay his temporary spousal support obligations. He argues that he was entitled to do that because his current income was insufficient to meet those obligations in addition to his other expenses, and that his only alternative was to draw the money from other accounts that were, as the trial court later determined, Philip's separate property.
 {¶ 6} The issue presented is whether temporary spousal support obligations may be paid out of the obligee's share of marital property. In that connection, R.C. 3105.18(A) states:
 {¶ 7} "As used in this section, "spousal support" means any payment or payments to be made to a spouse or former spouse, or to a third party for the benefit of a spouse or a former spouse, that is both for sustenance and for support of the spouse or former spouse. `Spousal support' does not include any payment made to a spouse for former spouse, or to a third party for the benefit of a spouse or former spouse, that is made as part of a division or distribution of property or a distributive award under section 3105.171 [3105.17.1] of the Revised Code."
 {¶ 8} R.C. 3105.171 governs the division and distribution to the spouses of their own separate properties and the shares of the divided marital property awarded to each. Only after that is complete may the court make a spousal support award. R.C. 3105.18(B).
 {¶ 9} Pursuant to R.C. 3105.18(A), the property a spousal support obligee been awarded as her separate property or her share of the marital property cannot also be part of a spousal support payment. Use of an obligee's own property for that purpose does not create the "benefit" to the obligee spouse or former spouse that R.C. 3105.18(A) identifies as the purpose and function of spousal support. Tax regulations are consistent with that view: spousal support is taxable income to the obligee and deductible from the obligor's gross income. Were the obligor to use the obligee's own property to pay spousal support, the obligee would then be required to pay tax on the value of her own property when she receives it, which is counterintuitive.
 {¶ 10} Civ.R. 75(N)(1) authorizes spousal support awards while a divorce action is pending. R.C. 3105.18(A) defines spousal support to include "any payments made to a spouse or former spouse." Payments made while a divorce action is pending are payments to a spouse. Therefore, temporary spousal support obligations made while a divorce action is pending are within the coverage of R.C. 3105.18(A).
 {¶ 11} When temporary support is ordered in a divorce action, the obligor must pay the amount or amounts owed out of the obligor's current income or out of property which the obligor ultimately is awarded as his or her separate or marital property. If the obligation is instead paid out of property which the court determines is marital property, the obligee is entitled to an adjustment of the share the obligee is awarded, to the extent that her own property was used to pay spousal support for her benefit. The trial court abused its discretion when it failed to increase Gail's share of the Lehman Brothers account for that purpose in an amount equivalent to one-half of the value of the whole account that was diminished by the spousal support payments Philip made from it.
 {¶ 12} The result we reach here is a "back door" method of achieving the result that R.C. 3105.171(A)(2(b) authorizes. Rather than using the date of the final hearing as the date on which marital property is both valued and divided, which the court did here, the court "may select dates it considers equitable." Id.
 {¶ 13} The parties separated in April of 2000, following Gail's domestic violence complaint and a resulting civil protection order. It is that date which Gail relies on to value the account in issue. Had the court adopted the same date pursuant to R.C. 3105.171(A)(2)(b) to value and divide the marital property, instead of the date of the final hearing, the court could have adjusted the shares of the account that each party was awarded to compensate Gail for Philip's withdrawal from Gail's share of the Lehman Brothers account while the divorce action was pending.
 {¶ 14} The first assignment of error is sustained.
 Second Assignment Of Error {¶ 15} "The Trial Court Erred By Failing To Equitably Divide The Marital Assets."
 {¶ 16} Gail brought deposits worth approximately $100,000 into the marriage. During the marriage, she received $20,000 from her father, who gave Philip a like amount. Because these properties she owned or received were Gail's separate property, she argues that she is entitled to an award for their value.
 {¶ 17} The evidence shows, and Gail does not dispute, that her monies were expended during the marriage to support the needs of the marriage, and that as a result the assets or accounts concerned have been exhausted. R.C. 3105.171 defines marital property to include property "that currently is owned by either or both of the spouses." That reference is to the date on which marital property and separate property is divided. If property then no longer exists, it cannot be divided as marital property or awarded as separate property pursuant to R.C. 3105.171
in a decree of divorce. That is the case here.
 {¶ 18} Gail further argues that she should be awarded some share of Philip's separate property to compensate for her expenditures, which she made from her own property because Philip had falsely represented that her name was on his accounts as a co-owner, suggesting that some compensating balances were available to her which were not.
 {¶ 19} R.C. 3105.18(E) permits the court to make a distributive award of one party's marital property to the other "to facilitate, effectuate, or supplement a division of marital property." R.C. 3105.18(F) directs the court to divide and distribute marital property on a number of specific criteria as well as "(9) Any other factor the court expressly finds to be relevant and equitable."
 {¶ 20} The trial court's decision takes no account of Gail's contention, and the distributive awards the court made do not reflect a finding that equity would be served by awarding her compensation for her expenditures. The court heard the evidence as well as Gail's contentions. Though we may not have reached the same result, we cannot find an abuse of the discretion that R.C. 3105.18(E) and (F) confer on the trial court to grant or deny the relief Gail requests.
 {¶ 21} The second assignment of error is overruled.
 THIRD ASSIGNMENT OF ERROR {¶ 22} "The Trial Court Erred By Failing To Award Appellant Sufficient Spousal Support."
 {¶ 23} The trial court found that Philip's gross income from Social Security and from earned income is $3,640 per month. Gail has no earned income, but receives $651 per month in Social Security benefits. The court ordered Philip to pay Gail spousal support in the amount of $1,500 per month for a term of seventy one months.
 {¶ 24} Gail argues that the trial court underestimated Philip's ability to pay a greater amount of spousal support because the court based its order on Philip's current income only, and failed to take account of a substantial inheritance of $830,000 he would receive from the estate of his deceased mother. Gail concedes that the inheritance is Phillip's separate property, but contends that the court is required by R.C. 3105.18(C)(1)(a) and (i) to consider the amount Philip would inherit as one of his "assets" and the return it might yield as part of his income when the court orders spousal support. Philip contends that the court did consider his inheritance, but concedes that the amount of the bequest he would receive was then unknown because his mother's estate was as yet "in probate" when the decree of divorce was entered.
 {¶ 25} In its decision of August 1, 2002, the trial court carefully set out what the respective incomes and assets of the parties are. In connection with Philip's inheritance, the court stated:
 {¶ 26} "Additionally, Mr. Wertz is the beneficiary of approximately $700,000.00 from his mother's estate. Said inheritance is the separate property of Mr. Wertz. Mr. Wertz shall retain this inheritance as his separate property, free and clear of any claim from Mrs Wertz."
 {¶ 27} As it is phrased, the court's statement satisfies the requirements of R.C. 3105.171(B) (and (D) that the court must divide the parties' marital and separate property equitably and disburse a spouse's separate property to that spouse. The further question is whether, and after that, in determining whether spousal support is appropriate, and, if so, how much, the court gave sufficient consideration to Philip's inheritance as one of the "relative assets and liabilities of the parties," and the return it might yield as part of his income. R.C.3105.18(C)(1)(a) and (i).
 {¶ 28} One might infer from the court's statement that it did "consider" Philip's inheritance as one of his assets, and the return it might yield as part of his income, which is all the court is commanded by R.C. 3105.18(C)(1)(a) and (i) to do, and that the court decided that the inheritance should not be a basis or source of spousal support. That inference presents two problems, however. First, Philip had not then received the proceeds of his inheritance, and the exact amount he would receive was as yet unknown. Second, the court's statement is ambiguous concerning how the matter of Philip's inheritance actually entered the court's calculus when it weighed the parties' "relative assets."
 {¶ 29} When the domestic relations court's basis for making a spousal support award is not indicated in sufficient detail to allow an appellate court to determine that the award is fair, equitable, and in accordance with the law, the award should be reversed and the case remanded for more specific findings of fact and conclusions of law.Kaechle v. Kaechle (1988), 35 Ohio St.3d 93. That is the case here. The spousal support award will be reversed and the case remanded for further findings with respect to Philip's inheritance vis-a-vis his spousal support obligation.
 {¶ 30} The third assignment of error is sustained.
 Conclusion {¶ 31} Having sustained the first and third assignments of error, the judgment from which this appeal was taken is reversed, in part, and the cause is remanded for further proceedings in those respects consistent with this opinion. The judgment is otherwise affirmed.
BROGAN, J. concurs.
YOUNG, J., dissents.
[1] For convenience and clarity, the parties will be identified bytheir first names.